ARENA PRODUCE COMPANY, INC., APPELLEE, *v.* MCMILLAN ET AL., APPELLANTS; FRANKLIN COUNTY TREASURER.

(No. 85AP-989 — Decided March 20, 1986.)

*Kelly M. Morgan & Co.* and *Kelly M. Morgan,* for appellee.

*Hans & Grove* and *Raymond F. Grove,* for appellants.

*Michael Miller,* prosecuting attorney, and *Phillip Walther,* for Franklin County Treasurer.

MCCORMAC, J. Plaintiff-appellee, Arena Produce Company, Inc., filed a foreclosure action in the Franklin County Court of Common Pleas against certain real estate located in Franklin County, Ohio. In the complaint, plaintiff alleged that, on March 9, 1984, two judgments were rendered against Ellis McMillan, defendant-appellant, which were the basis for judgment liens by virtue of certificates of judgment recorded in the office of the Clerk of Courts, Franklin County Court of Common Pleas. Plaintiff further alleged that, at the time of the filing of the certificates of judgment, Ellis McMillan was the record owner of the real estate. Defendant-appellant, Marjorie Ann Stoner McMillan, was joined as a defendant on the basis that she might claim an interest in the real estate by reason of a deed from Ellis McMillan to her, recorded on July 13, 1984.

Answers were filed by McMillan denying, for lack of knowledge or information as to the truth of these statements, the allegations concerning the rendering of the judgments, the filing of the certificates of judgment, and the amount due on the judgments.

Subsequently, plaintiff filed a motion for summary judgment, supported by the affidavit of its president, that the two judgments were rendered and that no payments had been made upon the judgments. Submitted with the motion for summary judgment were certified copies of the two judgments and certified copies of the certificates of judgment which were filed on March 9, 1984, before the date that the real estate was transferred by Ellis McMillan to Marjorie McMillan. In opposition to the motion for summary judgment, Ellis McMillan stated that he does not have

an interest in the real property and that he does not owe the plaintiff monies. Marjorie McMillan states that she is presently the owner of the real property and that she had no business dealings or disputes with plaintiff and owes it no monies.

The trial court granted summary judgment to plaintiff and ordered foreclosure of the property finding that there was no genuine issue of material fact that would prevent foreclosure of the judgment liens.

Defendants, Ellis McMillan and Marjorie McMillan, have appealed asserting that the trial court committed prejudicial error by granting summary judgment against them.

The trial court did not err in granting summary judgment of foreclosure to plaintiff of its judgment liens against the real property. There is no dispute but that judgments were rendered on March 9, 1984 in favor of plaintiff against defendant Ellis McMillan and that the judgments were made liens upon the subject real property according to R.C. 2329.02 by the filing of certificates of judgment in the office of the Clerk of the Court of Common Pleas of Franklin County, Ohio, the county in which the real property is located. When plaintiff filed affidavits establishing those facts, defendants could no longer rely upon the denials in their answers, stating that they did not have knowledge or information sufficient to know whether those allegations were true or not. (Parenthetically, these denials were probably not good faith denials since, at least with slight effort, the truth could have been ascertained. See McCormac, Ohio Civil Rules Practice [1970], Section 7.04.) The only matter set forth in defendants' affidavits was irrelevant to the foreclosure judgment that was awarded. Defendant Ellis McMillan stated that he no longer has an interest in the real property, apparently because of his deeding of the real property to Marjorie McMillan on July 13, 1984, a time after the judgments became liens upon the property. He also stated in his affidavit that he does not owe monies to plaintiff. However, he does not state that he has paid the judgments that were the subject of the judgment liens, nor has the affirmative defense of payment been alleged in the answer. The judgments of March 9, 1984 cannot be collaterally attacked in the foreclosure action. Marjorie McMillan's affidavit was also irrelevant to the judgment and created no genuine issue of material fact. Her allegation, that she presently owns the property, does not protect her against foreclosure of the property by plaintiff, since the judgment liens existed on the property at the time that she was deeded the property. The fact that she does not owe plaintiff money is also irrelevant, as the judgments are liens against the property only rather than being a charge against her.

Defendants-appellants' assignment of error is overruled.

Plaintiff-appellee asserts that, in accordance with App. R. 23, the appeal should be found to be frivolous and that defendants should be required to pay the reasonable expenses of plaintiff, including attorney fees and costs. Plaintiff further requests that the court allow it to submit evidence by way of affidavit or testimony regarding the costs, including attorney fees, which have been incurred in this appeal.

The court hereby finds that the appeal was frivolous and that there was no reasonable cause for the appeal. Plaintiff-appellee may submit evidence by way of affidavit regarding the costs, including attorney fees incurred by it in this appeal, within seven days of the judgment entry herein. Defendants-appellants may submit counteraffidavits concerning the amount of reasonable attorney fees and costs to be awarded within fourteen days after judgment is entered herein, following which the

court will make a finding of costs, including attorney fees, which will be assessed in favor of plaintiff against defendants.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.