OPINION
On October 9, 1997, plaintiff, Jesse M. Rodriguez,[1] filed a complaint in the Franklin County Municipal Court against defendants E.L.R. Associates, Inc. ("E.L.R.") and Eddie L. Rhodman, E.L.R.'s president/owner, averring she was owed $1,702.19 in back wages and severance pay following her termination of employment with E.L.R. Specifically, plaintiff averred that she was owed $600 gross wages for the October 29, 1996 November 14, 1996 pay period; $502.19 net pay for the September 29, 1996 October 12, 1996 pay period (for which she had been paid with an NSF check) and $600 in severance pay (promised her in a letter terminating her employment with E.L.R.). Plaintiff demanded judgment in her favor for $1,702.19, plus statutory damages of $200 for violation of R.C. 4113.15, attorney fees, costs and interest. Service of summons was completed on both defendants on October 16, 1997.
On November 5, 1997, Mr. Rhodman, pro se, filed an answer denying all claims individually and on behalf of E.L.R. On November 19, 1997, plaintiff filed a motion to strike the answer with regard to E.L.R. on the basis that Mr. Rhodman could not file an answer on behalf of the corporation because he was not a licensed attorney. On the same day, plaintiff filed a request for production of documents. No response was filed to either the discovery request or the motion to strike.
Thereafter, on January 28, 1998, plaintiff filed a motion for an order compelling defendants' response to plaintiff's request for production of documents. On January 29, 1998, the trial court sustained plaintiff's motion to strike the answer filed by Mr. Rhodman on behalf of E.L.R. and ordered E.L.R. to file an answer by a licensed attorney within fourteen days.
On February 20, 1998, plaintiff filed a motion for default judgment against E.L.R. asserting that E.L.R. had failed to file an answer or otherwise plead in the matter. On March 18, 1998, the trial court filed an entry granting default judgment against E.L.R. and in favor of plaintiff in the amount of $1,702.19, plus costs and interest from October 21, 1996. On the same day, the trial court granted plaintiff's motion to compel.
On April 14, 1998, trial was held on plaintiff's claims against Mr. Rhodman, individually. By entry dated April 14, 1998, the trial court entered judgment in favor of plaintiff and against Mr. Rhodman in the amount of $1,702.19, plus costs and interest from October 21, 1996. In its entry, the trial court noted that Mr. Rhodman failed to appear for trial due to a purported family emergency.
Plaintiff thereafter undertook various proceedings in execution of the March 18, 1998 and April 14, 1998 judgments. On September 14, 1998, defendants, now represented by counsel, requested that the trial court stay execution of the judgments pending the disposition of defendants' September 15, 1998 Civ.R. 60(B) motion for relief from judgment.[2] In the Civ.R. 60(B) motion, defendants asserted that that motion was timely filed because less than one year had elapsed since the judgments were rendered. Defendants also claimed a meritorious defense to the allegations of plaintiff's complaint in that plaintiff was paid all the money due her. Defendants also asserted entitlement to relief under Civ.R. 60(B)(1), as the failure to defend against plaintiff's action was due to "excusable neglect." The motion for stay was granted by entry dated September 15, 1998.
An evidentiary hearing was held on the Civ.R. 60(B) motion on September 15, 1999, wherein both plaintiff and Mr. Rhodman testified. On October 1, 1999, the trial court overruled defendants' motion, finding that defendants had "failed to establish or prove the three requirements that must be met before a Rule 60(B) motion can be granted * * *."
Defendants have now appealed to this court, assigning the following two errors for our consideration:
 [1.] The trial court erred in overruling the defendant-appellant's motion for relief from judgment. The defendant-appellant exhibited excusable neglect and therefore defendant-appellant's motion should have been granted.
 [2.] The trial court erred in overruling defendant-appellant's motion for relief from judgment when defendant-appellant demonstrates that plaintiff-appellee obtained judgment through fraud and misrepresentation of the facts in the record before the trial court.
Civ.R. 60(B) states:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated instrinsic or extrinisic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. * * *
In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time or not more than one year after the judgment, order or proceeding when the grounds are pursuant to Civ.R. 60(B)(1), (2) or (3). GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
In Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, the Supreme Court of Ohio, citing to GTE, supra, reaffirmed that the three requirements of GTE are "independent and in the conjunctive not the disjunctive." Id. at 66. Thus, the test is not fulfilled if any one of the requirements is not met. Strack v.Pelton (1994), 70 Ohio St.3d 172, 174. The standard by which a decision on a Civ.R. 60(B) motion is reviewed is one of abuse of discretion. Id. An abuse of discretion connotes an attitude that is unreasonable, arbitrary or unconscionable. AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161.
At the hearing on the Civ.R. 60(B) motion, Mr. Rhodman testified that plaintiff began her employment as a secretary with E.L.R., a janitorial and floor care company, on September 4, 1996. For her secretarial services, plaintiff was paid a gross bi-weekly salary of $600. Plaintiff received net pay of $502.19 for the two-week pay period ending October 12, 1996 via check No. 209, which was dated October 18, 1996 and drawn on E.L.R.'s account with National City Bank. After plaintiff informed Mr. Rhodman that the check had not cleared the bank due to insufficient funds in the E.L.R. account, he met with plaintiff on October 29, 1996 at a restaurant and paid her $528 in cash (including salary of $503 and a check fee service charge of $25) to compensate her for the bounced check.
Mr. Rhodman testified that at this meeting, plaintiff asked him to sign a document she had drafted verifying her receipt of the cash. According to Mr. Rhodman, he complied with plaintiff's request and signed the document. He testified that he was unable to locate the original document in his files; however, he was able to find a copy of the document. The document, dated October 29, 1996, is typed on E.L.R. letterhead and is addressed to plaintiff. (Defendants' Exhibit 3.) Mr. Rhodman could not explain why the document, purported to have been prepared by plaintiff, contains a misspelling of her last name. The document contains plaintiff's signature acknowledging receipt of the cash and is signed by Mr. Rhodman as a witness.
Mr. Rhodman further testified that plaintiff received her regular bi-weekly pay for pay periods ending October 26, 1996 and November 9, 1996. (Defendants' Exhibits 4, 5 6.) He admitted, however, that he could not produce a bank statement verifying that check No. 230, representing the pay period ending November 9, 1996, had ever cleared the bank, nor could he produce the cancelled check.
He further testified that plaintiff was terminated from employment by letter dated December 9, 1996. According to the letter (Defendants' Exhibit 7), plaintiff, in addition to her regular salary for the pay period ending December 14, 1996, was to receive two weeks' additional salary which would "represent any additional services and/or referrals of business you have done on behalf of E.L.R. Associates, Inc." Mr. Rhodman testified that the two weeks' additional salary referenced in the letter was to compensate her for cleaning services she had provided to three E.L.R. clients and did not constitute severance pay. Mr. Rhodman testified that plaintiff was never paid the additional two weeks' salary, however, because plaintiff had already received payment for the cleaning services she provided directly from the clients in violation of an "understanding" between Mr. Rhodman and plaintiff that she would not provide cleaning services for any of E.L.R's clients after she was terminated from her employment with E.L.R.
In further support of his contention that he had paid plaintiff all wages due her, Mr. Rhodman submitted into evidence plaintiff's 1996 W-2 statement and her 1996 income tax return, which listed her wages from E.L.R. as $4,200 for 1996. Mr. Rhodman testified that the $4,200 listed on the W-2 statement represented fourteen weeks of pay at ten dollars per hour for thirty hours per week.
With regard to E.L.R.'s failure to file an answer to plaintiff's complaint and his failure to attend the April 14, 1998 trial, Mr. Rhodman testified that in July 1997, he received a letter from plaintiff's counsel requesting payment for past wages totaling $1,702.19 due plaintiff. Upon receipt of this letter, Mr. Rhodman contacted an attorney and paid him $1,500 to represent him. When Mr. Rhodman received plaintiff's complaint in October 1997, he again contacted the attorney, who told him that he did not have to worry about the complaint because "it was squashed." (Tr. 41.) After learning that the attorney had not filed any response to the complaint, Mr. Rhodman filed a pro se answer "to show intent that I didn't want to ignore the paperwork I received." (Tr. 15.) He then left town to attend to the extended illnesses of two of his family members. He testified that although he received numerous motions filed by plaintiff and the trial court entries granting those motions (including the plaintiff's motion to strike the answer filed on behalf of E.L.R. and the trial court's entry granting that motion) and was aware of the trial scheduled for April 14, 1998, he neither responded to the motions nor contacted his former attorney nor sought legal counsel from a new attorney. By way of explanation, Mr. Rhodman testified that he continued to travel out of town during this period to attend to his family. He admitted that although he realized there were legal proceedings pending against him and E.L.R., he did not designate any of his employees to act on his behalf during his absence from Columbus.
Plaintiff testified that that she was employed with E.L.R. from September 4, 1996 to December 9, 1996. She acknowledged that she filed an income tax return listing her income from E.L.R. as $4,200 for 1996 (as reflected on her W-2 statement). She testified that she did not consider the fact that she was still owed part of that money from E.L.R. when she filed her return and was unaware that she could contest the W-2 statement or file an amended tax return. She further testified that after she informed Mr. Rhodman that check No. 209 had bounced, he told her he would take care of it; however, she was never reimbursed for the bounced check. She further testified that she received no compensation for the pay period ending November 14, 1996 (represented by check No. 230) and did not receive the severance pay that was promised in the December 9, 1996 letter. She admitted servicing two accounts after her termination from E.L.R., for which she was paid a total of eighty dollars.
As defendants' assignments of error are interrelated, they will be addressed together. Defendants assert that the trial court erred in concluding that defendants failed to establish a meritorious defense to the allegations of plaintiff's complaint. Specifically, defendants assert that the testimony and exhibits offered at the hearing establish that plaintiff was, in fact, paid in full for all sums owed her pursuant to her employment with E.L.R. Defendants also assert that the trial court erred in failing to find that Mr. Rhodman's failure to attend the April 14, 1998 trial and E.L.R.'s failure to timely file an answer to plaintiff's complaint was a result of excusable neglect.
Where a Civ.R. 60(B) motion for relief from judgment contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence in order to verify those facts before it rules on the motion. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19
citing Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16. The credibility of the witnesses at a Civ.R. 60(B) hearing is a matter within the sound judgment of the trial court. Selker Furber v.Brightman (June 18, 1998), Cuyahoga App. No. 72600, unreported. In a Civ.R. 60(B) evidentiary hearing, the trier of fact is entitled to afford testimony such weight as it deems appropriate.Woolever v. Crowley (Sept. 1, 1981), Franklin App. No. 81AP-43, unreported.
In the instant case, the trial court held a full evidentiary hearing on the issues raised in defendants' motion. Regarding defendants' meritorious defense claim, Mr. Rhodman presented evidence to the court through testimony and exhibits to the effect that plaintiff had been fully compensated for the pay periods at issue and was not entitled to the additional two weeks' salary referenced in the termination letter. Plaintiff, on the other hand, testified that she was still owed compensation for two separate pay periods and was entitled to $600 in severance pay. The trial court resolved this question of fact when it denied defendants' request for relief from the judgments rendered against them. Since the trial court, charged with determining questions of fact, heard competent, credible evidence which, if believed, would support its decision, its ruling may not be found to be an abuse of discretion.
Regarding the excusable neglect issue, Mr. Rhodman acknowledged that he was aware that the answer he filed on behalf of E.L.R. had been stricken and that plaintiff had filed several other motions. He further testified that despite knowledge of the foregoing, he failed to contact his former attorney or seek legal counsel from a new attorney regarding the pending litigation. He further testified that he was aware of the trial scheduled for April 14, 1998, but did not attend. Mr. Rhodman's explanation for his lack of attentiveness to the matter pending against him and his company was that he was out of town for much of the time tending to personal family matters. He also admitted that despite knowledge of the litigation, he did not appoint an agent to act on his behalf.
The evidence offered at the hearing demonstrates that because of neglect, E.L.R. failed to timely file an answer to plaintiff's complaint and Mr. Rhodman failed to appear at trial. The determination of whether excusable or inexcusable neglect has occurred "must of necessity take into consideration all the surrounding facts and circumstances." Colley v. Bazell (1980),64 Ohio St.2d 243, 249. Considering the facts and circumstances surrounding the instant case, we find that the trial court did not abuse its discretion in determining that defendants had not demonstrated excusable neglect.
Initially, we note that in GTE, supra, the Ohio Supreme Court held, at paragraph four of the syllabus, that "as a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." Thus, defendants' former attorney's neglect in failing to file a responsive pleading to plaintiff's complaint against E.L.R. has rightfully been imputed to defendants.
Further, Mr. Rhodman's failure to either contact his former attorney or seek legal counsel from another attorney after being served with plaintiff's motion to strike and other subsequent motions does not constitute excusable neglect. See N.American Specialty Ins. Co. v. Hoff (Nov. 9, 1993), Franklin App. No. 93AP-915, unreported, citing Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112, 116. (Failure to seek legal assistance after being served with court papers is not automatically excusable neglect.)
Finally, Mr. Rhodman's contention that his lack of attentiveness to the pending litigation (including the failure to appear at trial) was excusable, due to his responsibility to his personal affairs, is without merit. Mr. Rhodman admitted that other aspects of the management of E.L.R. were handled in a satisfactory manner by other managers while he was out of town. He further admitted that he did not delegate one of these managers, or anyone else, to attend to the legal proceedings against him and the company. See Andrew Bihl Sons, Inc. v.Trembly (1990), 67 Ohio App.3d 664, 667. (Business owner who suffered heart attack could not claim excusable neglect when he completely ignored pending litigation for over three months and did not delegate a competent agent to handle his legal affairs during his illness.)
Given the evidence submitted in this case, we conclude that the trial court did not abuse its discretion in denying defendants' motion for relief from judgment on the basis that defendants failed to establish a meritorious defense to plaintiff's claim for relief and failed to exhibit excusable neglect. Accordingly, defendants' assignments of error are overruled.
We must now address plaintiff's App.R. 23 motion for attorney fees, filed June 30, 2000. Plaintiff requests attorney fees for defending the instant appeal on the basis that it is frivolous.
App.R. 23 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." See, also, Arena Produce Co. v.McMillan (1986), 27 Ohio App.3d 384, 385. A frivolous appeal under App.R. 23 is essentially one that presents no reasonable question for review. Talbott v. Fountas (1984), 16 Ohio App.3d 226.
Upon review of the record in this case, we cannot find that the instant appeal is frivolous. Defendants' assignments of error challenge the trial court's denial of the motion for relief from judgment and present a reasonable question for review. Indeed, this court is frequently called upon to review trial court determinations regarding motions for relief from judgment. We thus decline to label the appeal as frivolous and, accordingly, decline to award attorney fees to plaintiff.
Having overruled both of defendants' assignments of error, we hereby affirm the judgment of the Franklin County Municipal Court. Plaintiff's motion for attorney fees is denied.
 _______________________ PETREE, J.
TYACK and LAZARUS, JJ., concur.
[1] Many of the pleadings and motions filed by plaintiff and defendants in this action spell plaintiff's surname Rodrigues. Plaintiff testified at the Civ.R. 60(B) motion hearing on September 15, 1999, however, that her surname is spelled Rodriguez.
[2] The Civ.R. 60(B) motion states, in pertinent part that "[d]efendants hereby move the court pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure for an order for relief from the default judgment entered against them on April 15, 1998 * * *." As noted previously, the default judgment against E.L.R. was entered on March 18, 1998 and the judgment against Mr. Rhodman, individually, was entered on April 14, 1998. The memorandum in support of the motion asserts arguments in support of relief from both judgments. Thus, we will construe the motion as one requesting relief from both the March 18, 1998 default judgment rendered against E.L.R. and the judgment rendered against Mr. Rhodman individually on April 14, 1998.