*Adams, Athens, Gallia, Highland, Hocking, Jackson,*
*Lawrence, Meigs, Pickaway, Pike, Ross,*
*Scioto, Vinton and Washington Counties*
*Hon. Homer E. Abele, P.J., Hon. Earl E. Stephenson*
*Hon. Lawrence Grey, Hon. William H. Harsha, III*

---

**Andrew Bihl Sons, Inc.**
**v.**
**Trembly**
*[Cite as 4 AOA 103]*

*Case No. 1799*
*Scioto County, (4th)*
*Decided June 1, 1990*

*J. Jeffrey Benson, Chillicothe, Ohio, for Appellant.*

*James C. Fitch, Portsmouth, Ohio, for Appellee.*

**Per Curiam.**

This matter is before us on appeal from the judgment of the Municipal Court of Portsmouth wherein the court overruled defendant-appellant's motion to set aside default judgment on the basis that appellant failed to demonstrate that he had a meritorious defense and that appellant is not entitled to relief under any of the grounds stated in Civ. R. 60(B)(1) through (5).

In his sole assignment of error, appellant alleges:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, BY DENYING HIS MOTION TO SET ASIDE THE APPELLANT'S DEFAULT JUDGMENT."

Appellant contends that he presented evidence which would require the court to set aside appellee's default judgment. To prevail on his motion, appellant must demonstrate that:" (1) he has a meritorious defense to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) his motion was timely filed." If any prong of the standard for granting a 60(B) motion is unsatisfied, relief shall be denied. *G.T.E. Automatic Electric, Inc. v. A.R.C. Industries, Inc.* (1976), 47 Ohio St. 2d 146, 151.

A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the court. The trial court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St. 3d 75, 77; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St. 3d 64, 66. The term "abuse of discretion" has been defined as a decision which is arbitrary, unreasonable or unconscionable. *Sandusky Properties v. Aveni* (1984), 15 Ohio St. 3d 273, 275. For an appellate court to rule that the trial court abused its discretion there must have been more than an error in judgment. *State v. Apanovitch* (1987), 33 Ohio St. 3d 19, 22.

Appellant summarily argues that his claim of mistake, inadvertence, surprise and/or excusable neglect was not reasonably contested. Appellant argues that his inability to conduct his business and personal affairs due to a heart attack, constitutes excusable neglect for failing to answer the complaint filed against him by appellee.

The Ohio Supreme Court has stated explicitly that:

"[A] trial court does not abuse its discretion in overruling a Civ. R. 60(B)(1) motion for relief from a default judgment, on the grounds of excusable neglect, if it is evident from all the facts and circumstances in the case that the conduct of the defendant, combined with the conduct of those whose conduct is imputable to the defense, exhibited a disregard for the judicial system and the rights of the plaintiff." *Griffey v. Rajan* (1987), 33 Ohio St. 3d 75 at 80. In the case *sub judice*, ample evidence was given to support the trial court's finding that appellant was not entitled to relief under Civ. R. 60 (B)(1).

The trial court acted reasonably in finding that the facts and circumstances of this case demonstrate that appellant's conducts constituted inexcusable neglect. Appellant suffered a heart attack on December 29, 1987 and was unable to return to work until May 15, 1988. During that period, he left the operation of one of this businesses, The William Henry Restaurant, to Julie Ferguson and Martha Bowers. Ms. Ferguson managed the actual operation of the restaurant and Ms. Bowers was authorized to maintain the finances. Appellant talked to Bowers on the telephone during this period; however, appellant testified that, during his illness, he did not read any of his mail.

Scot Kelley, manager of Andrew Bihl Sons, Inc., testified that when the overdue account with appellant on the William Henry Restaurant came to his attention, he attempted to contact appellant personally to settle the account.Due to appellant's unavailability, Kelley discussed the matter with Bowers both before and after the suit was filed.

Appellant argues that his failure to monitor his business due to a heart attack constitutes excusable neglect. Further, since he did not read his business mail during that period, he had no actual knowledge that a law suit had been filed against him.

Insufficient or negligent internal procedures in an organization may not compromise excusable neglect and therefore, they may not support the vacation of a default judgment. *Laking Trucking, Inc.* v. *Coastal Tank Lines, Inc.* (Feb. 9, 1984), Allen App. No. 1-83-3, unreported (summons received in a corporate mail room but lost before being brought to the attention of the proper office does not rise to excusable neglect); *Miller* v. *Sybert* (July 25, 1985, Auglaize App. No. 2-84-13, unreported (ordinary mail delivered to defendant when mail is accessible to other persons and where it was never picked up by defendant's friends while he was out of state does not constitute excusable neglect).

Likewise, it is not an abuse of discretion for the trial court to find that appellant's self-imposed isolation was inexcusable neglect. Here, appellant claims excusable neglect to set aside the default judgment because he was too ill to personally handle the restaurant's business. By his own admissions, his other businesses were managed by his business partners. Additionally, all other aspects of the management of the restaurant were apparently handled in a satisfactory manner by Ferguson and Bowers. The trial court did not act unreasonably in finding that appellant cannot claim excusable neglect for completely ignoring his mail for in excess of three months or more importantly, for not delegating a competent agent to handle his affairs.

Appellant also claims that he offered the following meritorious defenses: "the debt obligation owed to the appellee was a corporate obligation and that he was not personally liable." As noted in *Colley v. Bazell* (1980), 64 Ohio St. 2d 243, 247 fn 3: "The movants' burden is to allege a meritorious defense, not to prevail with respect to the truth of the meritorious defense." On its face the appellant has asserted the defense of failure to bring the action against the proper party. Absent the situation where the defenses had already been found not to be meritorious, a trial court should not attempt to determine the viability of the offered defense. See *Argo Plastic Products v. Cleveland* (1984), 15 Ohio St. 3d 389, 392.

To prevail on his motion to set aside judgment, appellant must meet all three requirements set forth in *G.T.E. Automatic Electric, Inc., supra*. Even though appellant set forth an arguably meritorious defense and his motion was timely filed, it was not an abuse of discretion for the trial court to rule that appellant failed to demonstrate that he is entitled to relief under one of the grounds stated in Civ. R. 60 (B)(1) through (5).

Accordingly, appellant's assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

ABELE, J., concurs in judgment and opinion.
GREY, J., dissents with attached dissenting opinion.
Harsha J., concurs in judgment and opinion.

GREY, J., dissenting.

I respectfully dissent.

There is an oxymoronic use of the phrase, "excusable neglect" which has led to much confusion, and frankly many unjust results. Simply put, there is no excuse for any neglect. Thus, when confronted with a fact situation, the trial courts often hold there is not excuse for *this* neglect.

I believe that the use of the phrase in Civ. R. 60(B) was intended to have the court look at the nature of the excuse and not to the neglect. This case is a perfect example. Appellant failed to file a timely answer. This was neglect. Appellant was recovering from a heart attack at the time he should have filed his answer. I recognize that courts have to get their work done, and that people who delay filing responsive pleadings cause a lot of difficulty for the courts, but if a heart attack is not a good excuse, then I don't know what is.