OPINION
Chuck Turner is appealing from the denial of his Rule 60(B) motion for relief from judgment and also the decision awarding damages against him in favor of Alice J. Pack.
Turner is the sole owner and operator of Christian's Paving Co., identified as "The Blacktop People" on his contract forms. Mrs. Pack contracted with Turner in October of 1996 to replace her driveway. The contract called for installing a new gravel base and new 2 1/2 inches of blacktop. The stated price on the contract proposal was $7,568.20, but it was immediately modified down to $7,410.00 by omitting the covering of a small cement entry with blacktop. Turner completed his work very shortly thereafter, and on October 8, 1996, Mrs. Pack gave him a check for $7,410.00. Shortly after the completion of the job, Mrs. Pack noticed problems appearing in the driveway. She testified at the damages hearing that Turner had failed to put in a new gravel base and "within a few days after the blacktop was down," she noticed the driveway breaking up in parts and grass coming up through it. In addition, her son tested the depth of the asphalt by cutting three holes in it and discovered that it ranged from 1/2 inch to 1 1/2 inch, instead of the 2 1/2 inches contracted for. Tr. 37 — 38. Turner and one of his employees returned thereafter to correct the deficiencies, but "they used a flame-thrower that only melted the blacktop and caused the surface gravel that was mixed in the blacktop to come to the surface." Mrs. Pack, Tr. 39.
After suffering and coping with the deteriorating driveway for over two years, Mrs. Pack finally filed a complaint on February 8, 1999, claiming breach of contract, negligence, and violations of the Consumer Sales Practices Act. Service by certified mail was sent to Turner at the address shown on his contract with Mrs. Pack, but it was returned by the post office as unclaimed and showing a new address. Service was then promptly attempted again by certified mail at his new address but, again, it was returned as unclaimed. Service of the complaint was then sent by ordinary mail, which was not returned. A month later Mrs. Pack, represented by counsel, moved for default judgment, which was promptly granted. A second entry was filed which set a damages hearing for June 15, 1999.
One week before the scheduled hearing, Turner, represented by counsel, filed a motion for relief from judgment under Civ.R. 60(B)(2), which deals with newly discovered evidence, but in the memorandum accompanying the motion, counsel quotes from 60(B)(1) alleging mistake, inadvertence, surprise or excusable neglect. His claim was that he did not remember receiving any notice of the filing of the lawsuit, and it was probably because he had been sick with an ear infection and spent much of his time in bed. A hearing on both the 60(B) motion and the damages question was set for July 6, 1999, but after several continuances requested by Turner, the 60(B) motion hearing was finally held on October 10, 1999. At the hearing, Turner testified that he did get a notice, but he didn't read it, he just brought it down to his attorney, but cannot remember when that happened. Tr. 6 — 7. He further testified that he had been ill for some time with an ear infection that affects his ability to perform work. In fact, he did not pick up his own mail and had his daughter pick it up for him. Tr. 7, 9.
One of the three prongs for granting the Rule 60(B) motion is the required presentation of a meritorious defense. On that issue, Turner testified: "Well I feel like I put the best job that I know how to put in." Tr. 10. He testified Mrs. Pack called him about "little things" and once he sent a crew out to patch something. Id. On cross-examination, he admitted that he had mail problems even though his daughter was picking it up for him, and that after the onslaught of his illness he lost mail and "sometimes I go a month or something before I'd even find it." Tr. 18. As to his illness, he testified on cross-examination that it affects his vision, hearing, and balance and has severely impeded his ability to work that year. As pointed out by the appellee in her brief, however, Turner never substantiated his testimony with medical bills, prescriptions, or a medical diagnosis.
Mrs. Pack's counsel then called a witness at the hearing, Kathy Adkins, who testified that on May 20 of that year, Mr. Turner, at her request, came to her house to make a driveway estimate for her. She testified that she did not notice anything unusual about him that day, that he didn't complain to her about any illness, and he had no problems walking up her steep 75-foot driveway. The hearing concluded with the court, an acting judge, saying that he would get back to counsel with a decision "shortly." Tr. 26. In fact, no decision was entered until the conclusion of the damages hearing held on December 14, 1999. On December 17, 1999, an entry was filed overruling the motion for relief from judgment and granting Mrs. Pack the requested damages.
On appeal, Mr. Turner cites as error both the denial of his motion for relief from judgment, and that "the trial court improperly determined the amount of damages, if any."
Our standard for review of the 60(B) relief from judgment motion is abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable and evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, and not the exercise of reason but rather of bias." Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87.
Turner's testimony at the hearing demonstrated neglect of his business affairs, but hardly excusable neglect. Even if his illness is or was genuine, Turner was still under the obligation to arrange for his business affairs to be properly administered.Andrew Bihl Sons, Inc. v. Trembly (1990), 67 Ohio App.3d 664. Turner apparently ignored or lost by neglect the service of the complaint by ordinary mail, and such neglect we find is not excusable. We cannot find any abuse of discretion by the trial court in overruling Turner's 60(B) motion for relief from judgment.
The first assignment of error is overruled.
As to the second assignment of error, there was ample testimony at the damages hearing by both Mrs. Pack and her son that her driveway exhibited widespread crumbling. An employee of Houser Asphalt Concrete, Inc. testified and presented a bid showing that it would cost $7,775.00 to replace the asphalt driveway. Mr. Turner claimed that he had done "an excellent job." Tr. 69. We find that the evidence presented at the damages hearing amply justifies the court's award of $7,410.00, plus interest and costs, which was the amount she had paid Turner.
The second assignment of error is overruled.
 ___________________________ FREDERICK N. YOUNG, J.