DECISION AND JUDGMENT ENTRY
{¶ 1} Richard M. Garrison and Rosemary Garrison appeal the decision of the Ross County Court of Common Pleas, which granted The General Motors Corporation's ("GM") motion for relief from a default judgment entered against it. Because we find that the trial court erred in determining that GM's failure to respond to the Garrisons' complaint was due to excusable neglect, we agree. Accordingly, we reverse the judgment of the trial court.
 I. {¶ 2} On March 28, 2000, Richard and Rosemary Garrison filed a complaint against GM seeking damages under the Consumer Sales Practices Act ("the Act"). The Garrisons' allegations centered on GM's alleged failure to provide a replacement part for their car's airbag within a reasonable time. The clerk sent a copy of the complaint and a summons to a GM post office box in Lansing, Michigan. GM did not respond to the complaint. On May 1, 2000, the Garrisons filed a motion for default judgment. On May 8, 2000, the trial court ordered a hearing so that the Garrisons could prove damages. The Garrisons waived their right to a jury and filed an amended demand for judgment. After the hearing, the trial court awarded $24,144 in compensatory damages and found that under the Act, the Garrisons were entitled to treble damages and reimbursement for their attorney's fees. On May 17, 2000, the trial court entered a judgment against GM for $77,432.
 {¶ 3} On July 3, 2000, GM filed a motion for relief from judgment alleging that it had failed to respond to the complaint because of a mistake, inadvertence or excusable neglect. The trial court denied GM's motion.
 {¶ 4} On appeal, we reversed the trial court's judgment by denying GM's motion on the sole basis that it failed to submit evidence to support the allegations in its Civ. R. 60(B) motion.
 {¶ 5} On remand, the trial court set an evidentiary hearing. The parties' stipulated that GM could take the deposition of Brenda Horchler by telephone. GM filed a copy of this deposition before the evidentiary hearing. GM presented no further evidence at the hearing.
 {¶ 6} In her deposition, Brenda Horchler testified that she was a legal assistant at GM's Customer Assistance Center in Tampa, Florida and was familiar with the Garrison file in the Tampa office.
 {¶ 7} According to Horchler, the post office forwarded the Garrisons' complaint and the summons to MSX International. MSX International creates electronic versions of the documents and then sends them to GM's Customer Assistance Centers. GM contracted with Sitel to provide employees for its Tampa Customer Assistance Center. Horchler explained that when GM received the Garrisons' complaint and the summons GM had just opened the Tampa Customer Assistance Center and had a very heavy workload and the workers, including Sitel employees, were unfamiliar with their job responsibilities.
 {¶ 8} Horchler testified that in April 2000, Trenishia Brown was responsible for receiving summons. Brown's job was to distribute cases evenly. GM's records indicate that Brown sent the Garrisons' summons to Kim Marcus, who worked for Sitel.
 {¶ 9} According to Horchler, GM's records also indicate that Marcus accessed the electronic version of the Garrisons' complaint and the summons on April 6, 2000. Marcus' notations on the file show that Marcus contacted several people about the case, including the Garrisons' attorney, and began investigating the facts of the case. Horchler speculated that Marcus did not know that GM had not assigned an attorney to respond to the complaint.
 {¶ 10} Horchler testified that after Marcus left her employment in May 2000, Stephanie Gendel, also a Sitel employee, became responsible for the Garrison case. Gendel accessed electronic versions of the documents that were filed in the case, including the judgment entry. Gendel approached Horchler and asked her about the judgment entry. Horchler immediately looked at the Garrison file and had it sent to GM legal staff, who hired a local attorney to handle the case.
 {¶ 11} The trial court granted GM's motion for relief from judgment. In so doing, it found that while GM "has been guilty of sloppy and lax procedures with regard to handling of legal matters such as this at least at the time of the filing of the complaint in this matter[,]" GM was not guilty of a complete disregard of the judicial system.
 {¶ 12} The Garrisons appeal and assert the following assignments of error: "The trial court abused its discretion in granting Defendant's Motion for Relief from Judgment where Defendant failed to show it has a meritorious defense and its failure to timely answer Plaintiff's Complaint was not shown to be the result of excusable neglect."
 II. {¶ 13} In their only assignment of error, the Garrisons argue that the trial court erred in granting GM's motion for relief from judgment because (1) GM failed to show that they had a meritorious defense and (2) because GM did not show that it failed to respond to the complaint because of excusable neglect.
 {¶ 14} In an appeal from a Civ. R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. Stateex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. State ex rel. Richard at 151, citing State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,107.
 {¶ 15} In order to prevail on a motion for relief from judgment pursuant to Civ. R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) timeliness of the motion.Rose Chevrolet at 20, citing GTE Automatic Electric v. ARC Industries
(1976), 57 Ohio St.3d 146, paragraph two of the syllabus; see, also,Buckeye Fed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312,314. If any of these three requirements is not met, the motion should be overruled. Rose Chevrolet at 20, citing Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351; Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578.
 A. {¶ 16} We first address the Garrisons' argument that GM did not show that it failed to respond to the complaint because of excusable neglect because it is dispositive.
 {¶ 17} The determination of whether excusable or inexcusable neglect occurred "must of necessity take into consideration all the surrounding facts and circumstances." Colley v. Bazell (1980),64 Ohio St.2d 243, 249, fn4. If it is evident from all the facts and circumstances that the acts of the party seeking relief exhibited a disregard for the judicial system and the rights of the other party, then the trial court should find that the mistakes were inexcusable. D.M.G.,Inc. v. Cremeans Concrete Supply Co. (1996), 111 Ohio App.3d 134,138; see, also, Colley at 248; GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146 at 153. Generally, a failure to plead or respond after admittedly receiving a copy of a complaint is not "excusable neglect." Katko v. Modic (1993), 85 Ohio App.3d 834, 838. Likewise, a person's failure to seek legal assistance after being served with court documents is not excusable. Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112, 116. Even illness does not excuse a business owner who ignores legal documents received in the mail and fails to designate a competent agent to handle business matters in his absence. See Andrew Bihl Sons, Inc. v. Trembly (1990), 67 Ohio App.3d 664,667.
 {¶ 18} In Andrew Bihl Sons at 667, this court wrote: "[i]nsufficient or negligent internal procedures in an organization may not compromise excusable neglect and, therefore, they may not support the vacation of a default judgment. Laking Trucking, Inc. v. Coastal TankLines, Inc. (Feb. 9, 1984), Allen App. No. 1-83-3, (summons received in a corporate mail room but lost before being brought to the attention of the proper office does not rise to excusable neglect); Miller v. Sybert (July 25, 1985), Auglaize App. No. 2-84-13, (ordinary mail delivered to defendant when mail is accessible to other persons and where it was never picked up by defendant's friends while he was out of state does not constitute excusable neglect)."
 {¶ 19} We find that the trial court abused its discretion in granting GM relief from the default judgment entered against it. Here, GM's independent contractor, Sitel, received and processed the complaint and summons at issue. GM failed to plead or respond to the Garrisons' compliant after admittedly receiving a copy of it. Horchler's testimony established, at best, insufficient or negligent internal procedures by GM, which cannot comprise excusable neglect. Andrew Bihl; LakingTrucking. Moreover, the trial court expressly found GM "guilty of sloppy and lax procedures with regard to handling of legal matters such as this at least at the time of the filing of the complaint in this matter." Thus, the trial court abused its discretion when it determined that GM showed that it failed to respond to the Garrisons' complaint due to excusable neglect.
 B. {¶ 20} We do not reach the Garrisons' argument that GM failed to show that it had a meritorious defense because it is moot. App. R. 12(A)(1)(c).
 C. {¶ 21} Accordingly, we sustain the Garrisons' only assignment of error and reverse the judgment of the trial court. On remand, the trial court is to enter judgment against GM on its motion for relief from judgment.
Judgment Reversed And Remanded With Instructions.