[Cite as *Middleton v. Luna's Restaurant & Deli, L.L.C.*, 2011-Ohio-4388.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DAVID B. MIDDLETON | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 CA 00004 |
| LUNA'S RESTAURANT & DELI, LLC | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 2010 CV 03251


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 29, 2011


APPEARANCES:

For Plaintiff-Appellee

DAVID B. SPAULDING
158 Wilbur Drive, NE
North Canton, Ohio 44720

For Defendant-Appellant

RANDALL M. TRAUB
PELINI CAMPBELL WILLIAMS & TRAUB
8040 Cleveland Avenue NW, Suite 400
North Canton, Ohio 44720

*Wise, J.*

**{¶1}** Appellant appeals the January 4, 2011, decision of the Stark County Court of Common Pleas, denying his motion for relief from judgment.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** This matter arises out of an alleged slip and fall accident which occurred on or about May 14, 2010. Specifically, Appellee David B. Middleton alleges that after having lunch at Luna's Restaurant & Deli, LLC, he entered the restroom and encountered a wet greasy floor, causing him to slip and fall and injure his lower back. He claims that there were no "wet floor" signs or warnings in place at the time of the accident. He claims that he reported the incident to the manager on the date of his injury.

**{¶3}** On July 14, 2010, counsel for Appellee sent correspondence to the owner and/or manager of the restaurant requesting that Appellant report the claim to its liability insurance company. Appellant failed to respond and a second letter was forwarded to the restaurant's owner on July 30, 2010, again requesting that the claim be submitted to Appellant's insurance carrier and further indicating that suit would be filed within 10 days if Appellant failed to respond within ten days.

**{¶4}** On September 7, 2010, Appellee initiated a lawsuit by filing a Complaint in the Stark County Court of Common Pleas.

**{¶5}** On September 10, 2010, Theresa Maley, an employee and waitress of Appellant, signed for certified mail which contained the service and summons. According to Ms. Maley's Affidavit, she placed the legal documents on the owner's desk with the expectation that the owner would check his mail.

**{¶6}** Appellant failed to file an answer and on October 13, 2010, Appellee moved for default judgment, which was granted by the trial court.

**{¶7}** On October 29, 2010, an evidentiary hearing on damages was held before the Magistrate, at which time Appellee presented testimony and medical evidence regarding his injuries and damages. Based on the evidence submitted, the Magistrate awarded Appellee compensatory damages in the amount of $242,740.49.

**{¶8}** On October 29, 2010, the Magistrate's Decision was adopted and affirmed by the trial court.

**{¶9}** Appellant filed an Objection to the Magistrate's award of damages, which the trial court overruled, and re-affirmed the Decision of the Magistrate, on November 16, 2010.

**{¶10}** No appeal was taken of the trial court's award of damages.

**{¶11}** On December 1, 2010, Appellant filed a Rule 60(B) motion to vacate the default judgment, requesting that Luna's Restaurant be allowed to file its answer instanter and proceed with a determination of the merits of this case.

**{¶12}** On January 4, 2011, the trial court denied Luna's Restaurant's motion for relief from judgment.

**{¶13}** It is this order from which Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

**{¶14}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S RULE 60(B) MOTION TO VACATE DEFAULT JUDGMENT."

**I.**

{¶15} In his sole assignment of error, Appellant claims that the trial court erred in denying his 60(B) motion to vacate the default judgment. We disagree.

{¶16} A motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140

{¶17} Civ.R. 60 *Relief from Judgment or Order,* provides

{¶18} " * * *

{¶19} "(B) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.*

{¶20} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or

taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶21}** "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

**{¶22}** To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

**{¶23}** Where timely relief is sought from a default judgment, and the movant has a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits. *GTE Automatic, supra.* at paragraph three of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan* (Aug. 4, 1986), Fairfield App.No. 12–CA–86. "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." Id. at 5.

**{¶24}** Our standard of review of a court's decision as to whether to grant a Civ.R. 60(B) motion is abuse of discretion. *GTE* at 148, 351 N.E.2d 113.

**{¶25}** Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in overruling Appellant's Civ.R. 60(B) Motion.

**{¶26}**  Initially we note that Appellant filed his motion within the time limits set forth in G.T.E., supra.  We will therefore address the remaining two requirements.

**{¶27}**  With regard to the second prong of the *G.T.E.* test, Appellant claims that he is entitled to relief under Civ.R.60(1) and (5).

**{¶28}**  Under Civ.R. 60(B)(1), Appellant herein claims excusable neglect, stating that the restaurant was closed for approximately three weeks, during which time he failed to pick up his mail.

**{¶29}**  Upon review of the entire record in this matter, we find the trial court did not abuse its discretion in overruling Appellant's Civ.R. 60(B) Motion. We concur with the trial court that Appellant failed to show excusable neglect.

**{¶30}**  The determination of whether excusable or inexcusable neglect occurred "must of necessity take into consideration all the surrounding facts and circumstances." *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249, 416 N.E.2d 605, fn4. If it is evident from all the facts and circumstances that the acts of the party seeking relief exhibited a disregard for the judicial system and the rights of the other party, then the trial court should find that the mistakes were inexcusable. *D.M.G., Inc. v. Cremeans Concrete & Supply Co.* (1996), 111 Ohio App.3d 134, 138, 675 N.E.2d 1263; see, also, *Colley* at 248, 416 N.E.2d 605; *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146 at 153, 351 N.E.2d 113. Generally, a failure to plead or respond after admittedly receiving a copy of a complaint is not "excusable neglect." *Katko v. Modic* (1993), 85 Ohio App.3d 834, 838, 621 N.E.2d 809. Likewise, a person's failure to seek legal assistance after being served with court documents is not excusable. *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 116, 463 N.E.2d 417.

**{¶31}** Insufficient or negligent internal procedures in an organization may not compromise excusable neglect and, therefore, they may not support the vacation of a default judgment. *Laking Trucking, Inc. v. Coastal Tank Lines, Inc.* (Feb. 9, 1984), Allen App. No. 1-83-3, unreported, 1984 WL 6241 (summons received in a corporate mail room but lost before being brought to the attention of the proper office does not rise to excusable neglect); *Miller v. Sybert* (July 25, 1985), Auglaize App. No. 2-84-13, unreported, 1985 WL 7351 (ordinary mail delivered to defendant when mail is accessible to other persons and where it was never picked up by defendant's friends while he was out of state does not constitute excusable neglect).

**{¶32}** Even illness does not excuse a business owner who ignores legal documents received in the mail and fails to designate a competent agent to handle business matters in his absence. See *Andrew Bihl Sons, Inc. v. Trembly* (1990), 67 Ohio App.3d 664, 667, 588 N.E.2d 172.

**{¶33}** In *Bihl*, supra, the Fourth District Court of Appeals wrote:

**{¶34}** "Insufficient or negligent internal procedures in an organization may not compromise excusable neglect and, therefore, they may not support the vacation of a default judgment. *Laking Trucking, Inc. v. Coastal Tank Lines, Inc.* (Feb. 9, 1984), Allen App. No. 1-83-3, (summons received in a corporate mail room but lost before being brought to the attention of the proper office does not rise to excusable neglect); *Miller v. Sybert* (July 25, 1985), Auglaize App. No. 2-84-13, (ordinary mail delivered to defendant when mail is accessible to other persons and where it was never picked up by defendant's friends while he was out of state does not constitute excusable neglect)."

**{¶35}** A review of the record in this case demonstrates neglect of Luna's business affairs but hardly excusable neglect. Even if the restaurant was closed for a period of time after the summons and complaint were served, Appellant was still under the obligation to properly attend to and administer his business affairs. Here, Appellant disregarded his business during this time period, and such neglect we find is not excusable.

**{¶36}** We further find that Appellant failed to provide sufficient evidence of a meritorious defense. Appellant claims that his denial of liability is a meritorious defense in this matter. We find that Appellant, through such generic conclusory assertion, has not provided sufficient evidence of a meritorious defense as required by Rule 60(B).

**{¶37}** Appellant's sole assignment of error is overruled.

**{¶38}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                                    JUDGES

JWW/d 0803

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DAVID B. MIDDLETON                    :
                                      :
    Plaintiff-Appellee            :
                                      :
-vs-                                  :            JUDGMENT ENTRY
                                      :
LUNA'S RESTAURANT & DELI, LLC         :
                                      :
    Defendant-Appellant           :            Case No. 2011 CA 00004


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

                 JUDGES