[Cite as *John W. Judge Co. v. USA Freight, L.L.C.*, 2018-Ohio-2658.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JOHN W. JUDGE COMPANY | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 27708 |
| | : | |
| v. | : | Trial Court Case No. 2016-CVF-1286 |
| | : | |
| USA FREIGHT, LLC | : | (Civil Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 6th day of July, 2018.

. . . . . . . . . .

RICHARD A. BOUCHER, Atty. Reg. No. 0033614 and JULIA C. KOLBER, Atty. Reg. No. 0078855, 12 West Monument Avenue, Suite 200, Dayton, Ohio 45402
 Attorneys for Plaintiff-Appellant

NATHAN J. STUCKEY, Atty. Reg. No. 0086789, 735 North Limestone Street, Springfield, Ohio 45503
 Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** Plaintiff-appellant, John W. Judge Company ("Judge"), appeals from the judgment of the Dayton Municipal Court granting defendant-appellee USA Freight, LLC's Civ.R. 60(B) motion to vacate a default judgment. In support of its appeal, Judge claims that the trial erred in granting the motion to vacate because USA Freight failed to establish that it was entitled to relief under Civ.R. 60(B)(1) on grounds of excusable neglect. For the reasons outlined below, the judgment of the trial court will be reversed.

**Facts and Course of Proceedings**

**{¶ 2}** On March 21, 2016, Judge filed a complaint against USA Freight, LLC ("USA Freight") for money damages arising from alleged unpaid engineering services in the amount of $4,405.05. Judge requested the complaint and summons be served to USA Freight via certified mail at the address of USA Freight's registered statutory agent, Mukhabbat Vasfieva. On March 30, 2016, the trial court received the certified mail receipt, showing that the complaint and summons had been delivered and signed for by "Mukhabbat Koch" on March 24, 2016.

**{¶ 3}** USA Freight failed to file a response to Judge's complaint within 28 days as required by Civ.R. 12. Accordingly, on June 22, 2016, Judge moved the trial court to enter a default judgment in its favor pursuant to Civ.R. 55. On June 29, 2016, the trial court granted Judge's motion and entered a default judgment against USA Freight for the amount requested plus interest and costs. After obtaining a certificate of judgment, on January 18, 2017, Judge obtained a writ of execution ordering the court bailiff to levy on the goods and chattels owned by USA Freight.

{¶ 4} Three weeks after the writ of execution was filed, USA Freight filed a Civ.R. 60(B) motion to vacate the default judgment on grounds that it never received the complaint and summons and was otherwise unaware of who signed for the certified mail service. USA Freight attached a supporting affidavit from Baris Koch, who averred that he was the General Manager of USA Freight and that his father was the owner. Koch also averred that he did not receive notice of Judge's complaint until the court's bailiff contacted him regarding the writ of execution. Koch further averred that he spoke with the members and employees of USA Freight to ascertain if anyone affiliated with the company had signed for service of the complaint and that he was unware of anyone who had. Lastly, Koch averred that USA Freight had meritorious defenses to Judge's lawsuit, which included a claim that USA Freight had paid Judge in full for its services and that any unpaid amounts were owed by Garrett Day, LLC and/or Mike Heitz.

{¶ 5} In addition to the affidavit, USA Freight attached several invoices from Judge and copies of checks that USA Freight made payable to Judge. USA Freight also attached a written description and map of the property on which Judge provided its engineering services, indicating that Garrett Day, LLC owned part of the property on which Judge's services were rendered.

{¶ 6} Judge filed a response opposing the motion to vacate on grounds that USA Freight failed to establish the necessary elements for such relief under Civ.R. 60(B). The trial court then held an evidentiary hearing on the motion to vacate. At the hearing, the parties submitted no additional evidence, but simply gave oral arguments. During that time, USA Freight explained that the certified mail receipt was signed by the mother of USA Freight's owner. USA Freight explained that the owner's mother is not part of the

company or involved in its day-to-day operations, but that she happened to be present when the complaint was served and did not provide it to any of the members of the family who are involved in the business. USA Freight further explained that the owner's mother understands and speaks very little English and has very little knowledge of the legal system. USA Freight therefore claimed it was entitled to relief under Civ.R. 60(B)(1) for excusable neglect.[1]

{¶ 7} At the close of the hearing, the trial court invited the parties to submit post-hearing memoranda in support of their positions. After receiving the parties' memoranda, on June 14, 2017, the trial court issued a decision and entry granting USA Freight's motion to vacate. In granting the motion, the trial court found excusable neglect, noting that USA Freight's conduct was not willful and that it did not exhibit a disregard for the judicial system. The trial court further found that USA Freight had demonstrated that it had a meritorious defense to Judge's claim for money damages.

{¶ 8} Judge now appeals from the trial court's decision granting USA Freight's motion to vacate, raising a single assignment of error for review.

**Assignment of Error**

{¶ 9} Judge's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S

CIV.R. 60(B) MOTION TO VACATE JUDGMENT.

{¶ 10} Under its sole assignment of error, Judge contends that the trial court erred

---

[1] USA Freight also alleged that it was entitled to relief under Civ.R. 60(B)(3) for misrepresentation, but thereafter withdrew that argument and proceeded solely on the theory of excusable neglect.

in granting USA Freight's motion to vacate the default judgment at issue because USA Freight failed to establish that it was entitled to relief under Civ.R. 60(B). Specifically, Judge claims that USA Freight failed to establish that it did not respond to Judge's complaint due to excusable neglect.

*Standard of Review*

{¶ 11} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

*Civ.R. 60(B)*

{¶ 12} In order to obtain relief from a final judgment under Civ.R. 60(B), the movant

must satisfy a three-prong test. The movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). "All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met." *GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 30 (2d Dist.), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). (Other citation omitted.)

{¶ 13} If a motion to vacate " 'contains allegations of operative facts which would warrant relief under [Civ.R. 60(B)], the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.' " *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). "Thus, in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion." *Id.* " '[G]ood legal practice dictates that the movant must do all that he can to present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time; that he is entitled to relief for one of the grounds specified in Civil Rule 60(B)(1) through (5); and that he has a valid defense.' "

*Liberty Nursing Ctr. of Englewood, Inc. v. Valentine*, 2d Dist. Montgomery No. 24685, 2012-Ohio-1096, ¶ 65, quoting *Adomeit* at 103.

{¶ 14} "Civ.R. 60(B) is a 'remedial rule to be liberally construed so that the ends of justice may be served.' " *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312, ¶ 15 (2d Dist.), quoting *Kay* at 20. Therefore, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be in favor of the motion so that cases may be decided on their merits." *GTE Automatic* at paragraph three of the syllabus. "Indeed, the law does not favor judgments by default, and it is 'a general tenet of Ohio jurisprudence * * * that cases should be decided on their merits whenever possible.' " *Wilson* at ¶ 15, quoting *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 583, 607 N.E.2d 914 (4th Dist.1992).

*Excusable Neglect – Civ.R. 60(B)(1)*

{¶ 15} Because Judge does not dispute the existence of a meritorious defense or that USA Freight filed its motion to vacate within a reasonable time, the only issue before this court is whether it was an abuse of discretion for the trial court to conclude that USA Freight was entitled to relief under Civ.R. 60(B)(1) on grounds of "excusable neglect."

{¶ 16} In considering whether neglect is excusable under Civ.R. 60(B)(1), a court must consider "all the surrounding facts and circumstances." *UBS Real Estate Securities, Inc. v. Teague*, 191 Ohio App.3d 189, 2010-Ohio-5634, 945 N.E.2d 573, ¶ 28 (2d Dist.), citing *Griffey*, 33 Ohio St.3d at 79, 514 N.E.2d 1122. "The phrase 'excusable neglect' in Civ.R. 60(B)(1) 'is an elusive concept which has been difficult to define and to apply.' " *Id.*, quoting *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102. The Supreme Court

of Ohio has determined that neglect is inexcusable when the movant's inaction "reveals a complete disregard for the judicial system and the rights of the appellee." *GTE Automatic,* 47 Ohio St.2d at 153, 351 N.E.2d 113. *Accord Kay* at 20.

{¶ 17} This court has held that " '[e]xcusable neglect' in the context of a Civ.R. 60(B)(1) motion generally means the failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the processes of the court, but in consequence of some unavoidable or unexpected hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Federal Nat. Mtge. Assn. v. Banks*, 2d Dist. Montgomery No. 12692, 1991 WL 254652, *2 (Dec. 6, 1991). *Accord Griffin v. Dream House Mtge. Corp.*, 2d Dist. Greene No. 08-CA-45, 2009-Ohio-2178, ¶ 29. Therefore " '[c]ourts generally find excusable neglect in those instances where there are "unusual or special circumstances" that justify the neglect of a party or [the party's] attorney.' " *Griffin* at ¶ 30, quoting *Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 21, quoting *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536, 706 N.E.2d 825 (4th Dist.1997).

{¶ 18} That said, "the concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), quoting *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978).

{¶ 19} In this case, the supporting affidavit signed by USA Freight's General

Manager, Baris Koch, averred that he first learned of Judge's lawsuit against USA Freight when the trial court's bailiff notified him that a writ of execution had been filed against the company. The record indicates that the bailiff was ordered to levy execution against USA Freight on January 18, 2017, and that USA Freight filed its motion to vacate approximately three weeks later. Koch further averred in his affidavit that he was unaware of any member or employee of USA Freight who had signed for or received service of the complaint. As of the date he signed the affidavit, Koch claimed he did not know who signed for the complaint.

{¶ 20} It was not until the hearing on the motion to vacate that USA Freight explained, through counsel, that service of the complaint and summons was signed for by the mother of the owner of USA Freight. USA Freight explained that the owner's mother has no role within the company and that she happened to be present when the complaint was delivered by certified mail. USA Freight further explained that the owner's mother understands and speaks very little English and that she did not provide the complaint to any of the family members who are involved in USA Freight's business operations. Although no testimony or affidavits were submitted to verify this information, the trial court found USA Freight's explanation credible and that it constituted excusable neglect under Civ.R. 60(B)(1).

{¶ 21} Judge argues that the trial court's decision was an abuse of discretion because USA Freight failed to provide any evidence establishing that the person who received and signed for the complaint was the non-English speaking mother of USA Freight's owner. The owner's mother did not appear at the hearing and her name was never disclosed on the record. USA Freight also never disclosed what the owner's

mother did with the complaint after she received it. In an effort to establish that the person who signed for the complaint was not the owner's mother, Judge provided the trial court with two prior certified mail receipts with signatures that matched the signature on the receipt at issue. Judge pointed out that one of the prior receipts indicated that the signatory was an "Agent" of USA Freight.

{¶ 22} Judge further argues that it was USA Freight's responsibility to maintain a valid statutory agent who is designated to receive service of process at the agent's listed address. Judge claims that it was indeed neglectful for USA Freight to use an address where certified mail could be received and mishandled by a non-English-speaking individual who is not affiliated with USA Freight's business; however, Judge contends that such conduct does not constitute *excusable* neglect. In support of this claim, Judge cites various cases providing that "[i]nsufficient or negligent internal procedures in an organization may not compromise excusable neglect and, therefore, they may not support the vacation of a default judgment." *See, e.g., Middleton v. Luna's Restaurant & Deli, L.L.C.*, 5th Dist. Stark No. 2011 CA 00004, 2011-Ohio-4388, ¶ 31, citing *LaKing Trucking, Inc. v. Coastal Tank Lines, Inc.*, 3d Dist. Allen No. 1-83-3, 1984 WL 6241 (Feb. 9, 1984) (summons received in a corporate mail room but lost before being brought to the attention of the proper office does not rise to excusable neglect) and *Miller v. Sybert,* 3d Dist. Auglaize No. 2-84-13, 1985 WL 7351 (July 25, 1985) (ordinary mail delivered to defendant when mail is accessible to other persons and where it was never picked up by defendant's friends while he was out of state does not constitute excusable neglect). *Accord Andrew Bihl Sons, Inc. v. Trembly*, 67 Ohio App.3d 664, 667, 588 N.E.2d 172 (4th Dist.1990) (ignoring mail for more than three months due to illness and failing to delegate a

competent agent to handle business affairs does not constitute excusable neglect); *Meyer v. GMAC Mtge.*, 10th Dist. Franklin No. 06AP-877, 2007-Ohio-5009 (employee's failure to forward the complaint to the appropriate corporate department does not constitute excusable neglect).

**{¶ 23}** Judge further argues that the mother's ignorance of the legal process does not amount to excusable neglect. *Boling v. DiMeche & Vlado, Inc.*, 10th Dist. Franklin No. 07AP-146, 2007-Ohio-5795, ¶ 15, quoting *United Bank & Trust v. Kaufman*, 6th Dist. Wood No. WD-05-074, 2006-Ohio-2346, ¶ 12, citing *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 137, 493 N.E.2d 964 (9th Dist.1985) (" 'ignorance of legal requirements or inexperience with legal matters does not constitute excusable neglect' ").

**{¶ 24}** Having reviewed the record, we find that Judge has presented strong arguments in support of its position that the trial court abused its discretion in finding excusable neglect, especially in regards to USA Freight's responsibility to maintain a valid statutory agent. "Each limited liability company [such as USA Freight] shall maintain continuously in this state an agent for service of process on the company." R.C. 1705.06(A). A limited liability company is required to provide the Ohio Secretary of State with a written appointment of its statutory agent that sets forth the name of the agent and the agent's address in this state. R.C. 1705.06(B)(1)(a) and (C). The Secretary of State then keeps a record of the statutory agent's name and address. R.C. 1705.06(C).

**{¶ 25}** Civ.R. 4.2(G) provides that, to serve a limited liability company, a plaintiff may direct service of process to "the agent authorized by appointment or by law to receive service of process[.]" "Certified mail service upon such an agent is effective upon

delivery, if evidenced by a signed return receipt." *Adams, Babner & Gitlitz, L.L.C. v. Tartan Dev. Co. (West), L.L.C.*, 10th Dist. Franklin No. 12AP-729, 2013-Ohio-1573, ¶ 9, citing *Stonehenge Condominium Assn. v. Davis*, 10th Dist. Franklin No. 04AP-1103, 2005-Ohio-4637, ¶ 14, citing *Mitchell v. Mitchell*, 64 Ohio St.2d 49, 51, 413 N.E.2d 1182 (1980). "Service is valid if 'any person' at the address signs for the certified mail, whether or not the recipient is the defendant's agent." *Id.*, quoting Civ.R. 4.1(A)(1)(a); *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 11.

{¶ 26} Here, Judge served its complaint on USA Freight's statutory agent via certified mail at the address on record with the Ohio Secretary of State. The certified mail was received at the address of USA Freight's statutory agent and signed for by the mother of the owner of USA Freight. Under these circumstances, service of the complaint was valid. However, USA Freight did not receive notice of the complaint because the mother of USA Freight's owner mishandled the complaint. This type of scenario has not been found to constitute excusable neglect. *See, e.g., Chicago Sweeteners, Inc. v. Kantner Group, Inc.*, N.D.Ohio No. 3:08 CV 1928, 2009 WL 1707927 (June 17, 2009) (finding no excusable neglect where a defendant company was properly served with a complaint via certified mail to its statutory agent's address, the certified mail was received and signed for by an administrative assistant of the defendant company, who was also the mother of the defendant company's president, and the mother thereafter mishandled the complaint so that the defendant company never received notice of it).

{¶ 27} We agree that "[i]nsufficient or negligent internal procedures in an organization may not compromise excusable neglect and, therefore, they may not support the vacation of a default judgment." *Middleton*, 5th Dist. No. 2011 CA 00004, 2011-Ohio-

4388 at ¶ 31. *Accord Denittis v. Aaron Constr., Inc.*, 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶ 35. In so agreeing, we stress that USA Freight is, by law, responsible for maintaining a valid statutory agent that is calculated to receive service of process at the agent's listed address. Here, USA Freight chose a statutory agent address where it was possible for a non-English-speaking person who was unaffiliated with the company to receive important documentation that was served at the address. Due to USA Freight's negligence in choosing its statutory agent and/or failure to implement internal procedures to ensure that documentation served at the statutory agent's address was directed to the appropriate person, the complaint at issue was mishandled by the owner's mother.

{¶ 28} As previously noted, excusable neglect does not result from the party's own carelessness, inattention, or willful disregard of the processes of the court, but in consequence of some unavoidable or unexpected hindrance or accident. *Federal Nat. Mtge. Assn.*, 2d Dist. Montgomery No. 12692, 1991 WL 254652 at *2. Had USA Freight chosen a better statutory agent, or had better procedures been in place for receiving service of process at the statutory agent's address, the mishandling of the complaint would likely have been avoided. Accordingly, the circumstances here do not constitute an unavoidable or unexpected hindrance or accident.

{¶ 29} While abuse of discretion is an extremely high standard of review that requires us to find the trial court's excusable neglect decision unreasonable, we nevertheless reach that conclusion here. The trial court's decision was unreasonable because the mishandling of the complaint was the result of USA Freight's own negligence. When a company, such as USA Freight, designates a statutory agent to

receive service of process, the company should be adequately prepared to receive service of process at the statutory agent's address. Although we recognize that Civ.R. 60(B) motions are to be liberally construed in favor of the movant, we nevertheless find that USA Freight's negligence in choosing its statutory agent and its procedures for receiving service of process was in willful disregard of the processes of the court. Therefore, we narrowly hold that when a company is required by law to maintain a statutory agent to receive service of process, and when there is successful service of process via certified mail at the statutory agent's address that is on record with the Ohio Secretary of State, the subsequent mishandling of served documents by the person who signed for and received the documents at the statutory agent's listed address does not amount to excusable neglect.

{¶ 30} Judge's sole assignment of error is sustained.


## Conclusion

{¶ 31} Having sustained Judge's sole assignment of error, the judgment of the trial court is reversed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.


Copies mailed to:

Richard A. Boucher
Julia C. Kolber
Nathan J. Stuckey
Hon. Mia Wortham Spells