[Cite as *Denittis v. Aaron Constr., Inc.*, 2012-Ohio-6213.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| VINCENT DENITTIS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2011-G-3031** |
| AARON CONSTRUCTION, INC., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2010 CVF 01236.

Judgment: Affirmed.

*Nora E. Loftus*, Frantz Ward, LLP, 2500 Key Center, 127 Public Square, Cleveland, OH 44114-1230 (For Plaintiff-Appellee).

*Thomas J. Zaffiro*, 4577 Mayfield Road, South Euclid, OH 44121 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Aaron Construction, Inc. ("ACI"), appeals from judgments of the Chardon Municipal Court, ordering default judgment against it in the amount of $9,200 and denying its subsequent motion to vacate.

{¶2} This case involves whether ACI, an Ohio corporation, received proper service of a complaint which was sent to an address that ACI had listed with the Ohio Secretary of State. Thus, dates and events are pertinent.

{¶3} In December of 2009, appellee, Vincent Denittis, entered into a contract with ACI for the removal and replacement of an asphalt driveway at his residence for the sum of $9,200. The proposal listed ACI's address as 5010 Mayfield Road, Suite 108, Lyndhurst, Ohio 44124 ("principal place of business address"). Denittis made an initial payment of $5,000 and ACI commenced the project. After the work was completed, Denittis mailed the remainder of the balance to ACI's principal place of business address.

{¶4} Thereafter, Denittis claimed ACI's work was defective and he retained counsel. Denittis' counsel contacted Mark Vaughn, ACI's president and statutory agent. They had telephone conversations regarding their differences of opinion with respect to the driveway. Denittis' counsel also sent ACI two follow-up letters.

{¶5} The first letter was sent to ACI's principal place of business address, c/o Vaughn, on June 21, 2010. That letter claimed the driveway was defective and that Denittis wanted to provide ACI with the opportunity to correct the deficiencies.

{¶6} The second letter was sent to ACI's principal place of business address, c/o Vaughn, on July 20, 2010. That letter claimed the driveway was unacceptable and demanded that ACI provide a proposal and schedule for repair by July 23, 2010 or Denittis would file suit. ACI failed to respond or provide a remediation plan.

{¶7} On August 26, 2010, Denittis filed a four-count complaint alleging: (1) breach of contract; (2) breach of duty to construct in a workmanlike manner; (3) violations of the Ohio Consumer Sales Practices Act; and (4) negligence. Although prior correspondences were sent to ACI's principal place of business address, the summons and a copy of the complaint were served via certified mail upon ACI, c/o Vaughn, 4907 Richmond Road, Warrensville Heights, Ohio, 44128 ("statutory address").

2

The statutory address is the address that is on file with the Secretary of State. However, the summons and a copy of the complaint were returned as "unclaimed" and "unable to forward" with instructions to "return to sender" on September 21, 2010.

{¶8} As a result, Denittis requested the court serve ACI via ordinary U.S. mail. On October 26, 2010, the clerk of court sent the summons and a copy of the complaint via ordinary U.S. mail to ACI, c/o Vaughn, at the statutory address. The ordinary mail complaint was never returned as undeliverable. ACI did not file an answer to the complaint.

{¶9} On December 17, 2010, Denittis filed a motion for default judgment alleging that ACI failed to answer or otherwise plead to the complaint. A copy of the motion was sent via certified mail to ACI, c/o Vaughn, at the statutory address. On December 27, 2010, that motion was returned to Denittis with the designation, "Don't live here – return." At that time, Denittis' counsel had her assistant conduct an internet search for Vaughn and located a new address, 45 Meadowhill Lane, Chagrin Falls, Ohio 44022 ("Vaughn's home address"). Denittis' counsel did not send anything else to ACI's statutory address.

{¶10} On December 28, 2010, the court granted Denittis' motion for default and entered judgment against ACI in the amount of $9,200 plus costs and interest. The court found that a copy of the complaint was properly served upon ACI, c/o Vaughn, by ordinary U.S. mail at its statutory address and that ACI failed to respond.

{¶11} On January 31, 2011, Denittis' counsel sent letters demanding payment via certified mail to Vaughn's home address and to ACI's principal place of business address. The record does not reveal that the letter sent to Vaughn's home address was never received. However, the letter sent to ACI's principal place of business address

3

was returned with the designation, "Return to Sender – Attempted – Not Known; Unable to Forward," even though previous letters were sent to that address and received.

{¶12} On February 7, 2011, ACI filed a motion to vacate the December 28, 2010 judgment pursuant to Civ.R. 60(B). ACI alleged, inter alia, that it never received a copy of the complaint nor any subsequent filings. On February 22, 2011, Denittis filed a brief in opposition claiming that ACI was properly served with the complaint at its statutory address. An evidentiary hearing was held before a magistrate on April 15, 2011.

{¶13} In his June 27, 2011 decision, the magistrate determined that because Denittis secured service of process on ACI in a lawful manner, the court had personal jurisdiction over ACI at the time judgment was granted in favor of Denittis. The magistrate also determined that ACI failed to establish a right to relief from judgment under Civ.R. 60(B). Three days later, ACI filed objections without submitting a transcript of the evidentiary hearing. In its objection, ACI claimed it was deprived of notice of the complaint, and as such, its right to defend against the complaint, and that due to such deprivation of notice, it was deprived of due process. ACI contended that it had a meritorious defense to Denittis' complaint, i.e., that the work performed was completed in a workmanlike manner, that Denittis would be unjustly enriched at the expense of ACI, and that the transaction was not a consumer transaction pursuant to the Ohio Consumer Sales Practices Act. Denittis subsequently filed a response.

{¶14} The court overruled ACI's objections, adopted the magistrate's decision, and denied ACI's motion to vacate. ACI filed a timely appeal, asserting the following assignments of error:

{¶15} "[1.] The Trial Court erred in denying Appellant/Defendant's Motion for relief from Judgment pursuant to Ohio Civ. Rule 60(B)(1) because the

4

Appellant/Defendant showed that there was excusable neglect for not timely answering the complaint or filing any motions prior to judgment, the Motion for Relief from Judgment was made within a reasonable amount of time, there was evidence to support a meritorious defense, and no party would be prejudiced by granting such motion.

{¶16} "[2.] The Trial Court was unreasonable in denying Appellant/Defendant's Motion for Relief from Judgment because their decision was against the interests of justice and against the manifest weight of the evidence.

{¶17} "[3.] Since the trial court erroneously erred when finding that service was proper and that notice was given to the Defendant/Appellant; there was no personal jurisdiction on the Defendant/Appellant and any judgment should be void ab initio, thus, the trial court should have granted Defendant's/Appellant's Motion to Vacate."

{¶18} In its first assignment of error, ACI argues the trial court erred in denying its motion for relief from judgment pursuant to Civ.R. 60(B)(1) since it showed excusable neglect for not timely answering the complaint or filing any motions prior to judgment. ACI asserts its 60(B) motion was made within a reasonable time, there was evidence to support a meritorious defense, and no party would be prejudiced by granting the motion.

{¶19} In its second assignment of error, ACI contends the trial court unreasonably denied its 60(B) motion because the court's decision concerning factual findings was against the interests of justice and against the manifest weight of the evidence.

{¶20} Because ACI's first and second assignments of error are interrelated, we will address them together.

{¶21} "An objection to a factual finding, whether or not specifically designated as a finding of fact * * *, shall be supported by a transcript of all the evidence submitted

5

to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶22} The magistrate's decision simply reads as follows in pertinent part:

{¶23} "The Court finds [ACI's motion to vacate judgment] is not well taken, and it is denied. Specifically, [Denittis] proceeded in a lawful manner in securing service of process on [ACI], and in fact did secure service of process on [ACI]. Accordingly, the court had jurisdiction over defendant at the time judgment was granted in favor of [Denittis]. Further, defendant failed to establish a right to relief from the judgment under Civ. R. 60(B)."

{¶24} To the extent that ACI challenges the magistrate's implicit factual findings encompassed within the above language, it failed to provide the trial court with a transcript, and therefore, cannot challenge this aspect of the magistrate's findings on appeal. *DiNunzio v. DiNunzio*, 11th Dist. No. 2006-L-106, 2007-Ohio-2578, ¶17. However, provision of a transcript to the trial court is not necessary to preserve on appeal purely legal issues that were raised before the trial court because Civ.R. 53(D)(3)(b)(iii) only requires that an objection to a *factual* finding be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding, or by an affidavit of that evidence if a transcript is not available.

{¶25} "Under Ohio law, it is well-settled that relief from a prior final judgment can only be granted when the moving party has shown that [it] is entitled to relief under one

6

of the five possible grounds stated in Civ.R. 60(B), that [it] has a meritorious claim or defense, and that the motion was filed in a timely manner. See, e.g., *Fouts v. Weiss-Carson* (1991), 77 Ohio App.3d 563, 565 * * *. It is equally well-settled that the disposition of a 60(B) motion lies within the sound discretion of the trial court; accordingly, the ruling on such a motion will not be reversed on appeal unless an abuse of that discretion can be shown. *Meslat v. Amster-Kirtz Co.*, 5th Dist. Nos. 2007 CA 00189 & 2007 CA 00190, 2008-Ohio-4058, at ¶26, quoting *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77 * * *. Under a 60(B) analysis, an abuse of discretion occurs when the trial court exhibits an attitude that is unreasonable, arbitrary or unconscionable. *Cannell v. Robert L. Bates Co.* (Mar. 8, 2001), 10th Dist. Nos. 00AP-915, 00AP-916, & 00AP-917, 2001 Ohio App. LEXIS 835, at *4." *Natl. City Bank v. Graham*, 11th Dist. No. 2010-L-047, 2011-Ohio-2584, at ¶15. (Parallel citations omitted.)

{¶26} Thus, "[i]n order to be entitled to relief under Civ.R. 60(B), the moving party must be able to satisfy all three prongs of the governing standard." *Id.* at ¶21, citing *Fouts.* In our case, ACI's February 7, 2011 motion for relief from judgment was made "within a reasonable time" and well within one year of the court's December 28, 2010 judgment pursuant to Civ.R. 60(B). There is no dispute that ACI's motion was filed in a timely manner. Thus, ACI satisfied one of the three prongs required by Civ.R. 60(B). However, ACI failed to satisfy the other two prongs because ACI did not establish that it was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and that it had a meritorious defense.

{¶27} ACI specifically contends that it set forth sufficient operative facts to warrant a finding of "excusable neglect" under Civ.R. 60(B)(1), which states, in part:

7

**{¶28}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.]"

**{¶29}** "What constitutes 'excusable neglect' depends on the facts and circumstances of each case." *Katko v. Modic,* 85 Ohio App.3d 834, 837 (11th Dist.1993). "'The term "excusable neglect" is an elusive concept and has not been sufficiently defined.'" *Seven Seventeen Credit Union, Inc. v. Dickey*, 11th Dist. No. 2008-T-0107, 2009-Ohio-2946, at ¶20, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). "Consequently, there is no clear and established standard as to what constitutes 'excusable neglect' and therefore it is a determination left to the discretion of the trial court." *Dickey* at ¶20, citing *Lewis v. Auto. Techs.*, 2d Dist. No. 19423, 2003-Ohio-1263, at ¶10. "The Ohio Supreme Court, however, has 'defined "excusable neglect" in the negative and has stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."'" *Dickey* at ¶20, quoting *Kay* at 20.

**{¶30}** We turn now to the question of whether or not ACI's failure to timely answer the complaint constituted "excusable neglect." This court has held that:

**{¶31}** "[P]ursuant to Civ. R. 4.6(D), service by ordinary mail '(* * *) is deemed complete when the fact of mailing is entered on the record. If the ordinary mail envelope is not returned, there is a presumption that proper service has been perfected. *This is so if the ordinary mail is sent to an address where there is a reasonable expectation that it will be delivered to the defendant.*'" (Citations omitted.) *The News-Herald v. Bahr*, 11th Dist. No. 2002-L-176, 2003-Ohio-6223, ¶18. (Emphasis added.)

8

**{¶32}** "'Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence.'" *State ex rel. Fairfield County CSEA v. Landis*, 5th Dist. No. 2002 CA 00014, 2002-Ohio-5432 ¶17. "Where service of process is not made in accordance with the Rules of Civil Procedure, the trial court lacks jurisdiction to consider the complaint, and any judgment on that complaint is void ab initio." *Shankle v. Egner*, 5th Dist. Nos. 2011 CA 00121 and 00143, 2012-Ohio-2027, ¶24.

**{¶33}** As mentioned, ACI is an Ohio corporation.  Every corporation is required to maintain a statutory agent upon whom "any process, notice, or demand * * * may be served."  R.C. 1701.07(A).  Service upon a corporation may be achieved by serving the statutory agent of the corporation.  R.C. 1701.07(H); Civ.R. 4.2(F).  The statutory agent may be served at the address as it "appears upon the record in the office of the secretary of state."  R.C. 1701.07(H).  If the statutory agent changes the address from that appearing upon the record in the office of the Secretary of State, the corporation or statutory agent "*shall* forthwith file" the new address with the Secretary of State. (Emphasis added.)  R.C. 1701.07(E).

**{¶34}** It is undisputed that after the certified mail complaint was returned as "unclaimed," "unable to forward," and "return to sender," Denittis properly requested the court serve ACI via ordinary U.S. mail at the statutory address listed on file with the Secretary of State. The record contains no indication that the complaint, sent via ordinary mail, was ever returned, and thus, there is a presumption that proper service had been perfected.  Since ACI was required to maintain the address of its statutory agent with the Secretary of State, Denittis had every reasonable expectation that the

9

complaint would be delivered to the address on file at that time and that an agent of ACI would be present to receive service.

{¶35} Based on the facts and circumstances of this case, we fail to find "excusable neglect" under Civ.R. 60(B)(1). This case does not involve an isolated filing mistake. Rather, ACI had an old address on file with the Secretary of State. Although required under R.C. 1701.07(E), ACI failed to update its statutory address for over 18 years, indicating negligent behavior on behalf of ACI. In fact, even several weeks after ACI learned that the statutory address was incorrectly listed, it still failed to correct it with the Secretary of State. "Insufficient or negligent internal procedures in an organization may not compromise excusable neglect and, therefore, they may not support the vacation of a default judgment." *Middleton v. Luna's Restaurant & Deli*, 5th Dist. No. 2011 CA 00004, 2011-Ohio-4388, ¶31.

{¶36} The record fails to establish that Denittis had any knowledge that ACI's statutory address was outdated when he served the complaint. Denittis' counsel filed an affidavit, attached to Denittis' brief in opposition to ACI's 60(B) motion, averring that when she prepared the complaint, she reviewed the Secretary of State's records to confirm that ACI was a valid corporation and to obtain ACI's statutory address. She further averred that she never intended to deny ACI the opportunity to defend the action and had no reason to believe that the statutory address listed with the Secretary of State was outdated.

{¶37} Furthermore, as noted previously, Denittis' complaint against ACI was initially returned with the notations, "unclaimed," "unable to forward" and "return to sender" when sent via certified mail. Civ.R. 4.6 addresses the failure of certified mail situations of "service refused" or "service unclaimed." Pursuant to Civ.R. 4.6 (D), when

10

service is attempted by certified mail and the certified mail is returned with an endorsement showing that the envelope was unclaimed, the serving party must be notified, and may then request the clerk to attempt service by ordinary mail. "Unclaimed" mail means "that the reasons for nondelivery was that the 'addressee abandoned or failed to call for mail[.]'" *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶22. Specifically at issue here is whether the "unable to forward" notation removes it from the provision of Civ.R. 4.6 which would allow for ordinary mail service. It does not.

{¶38} The notation "unable to forward" is somewhat cryptic. It could mean the addressee no longer lives at that address and never provided a forwarding address. It could also mean that the addressee still lives there and receives mail at that address, thus deeming it inherently "unable to forward." As previously noted, in this case, ACI is a corporation that is required to keep an address for service of process on file with the Secretary of State. There is no dispute that Denittis served ACI at ACI's address on file with the Secretary of State at the time of the filing of the complaint. Therefore, the only conclusion is that the complaint was returned "unable to forward" because ACI never changed its address for receiving service of process as required. Moreover, Civ.R. 4.6 (D) has a built-in safeguard that if the the ordinary mail envelope is returned a second time, service has not been perfected. Thus, in the instant case, when Denittis' complaint was sent by ordinary mail the second time to ACI's statutory agent address and was not returned, it could be presumed that the complaint was received.

{¶39} We do not reach the issue of whether this analysis would apply in a situation where the same notation appears on an envelope where the addressee is not required to keep a good address for service on file. We leave that for another day.

11

**{¶40}** In this court, ACI attached Vaughn's October 10, 2011 affidavit to its appellate brief, averring that he did not receive notice of the action until the default judgment was rendered. That affidavit, however, was not before the trial court and, therefore, is not properly before this court. App.R. 9(A); *Erie Ins. v. Williams*, 9th Dist. No. 23157, 2006-Ohio-6754, ¶8.

**{¶41}** Accordingly, Denittis complied with the Civil Rules and a presumption arose that service was properly perfected. ACI failed to rebut that presumption. Thus, ACI failed to demonstrate excusable neglect. Therefore, the court did not err in concluding that ACI was not entitled to relief under Civ.R. 60(B)(1).

**{¶42}** ACI further contends that it had a meritorious defense. Though the burden was on ACI to allege in its motion for relief from judgment operative facts that would constitute a meritorious defense if found to be true, ACI failed to provide sufficient facts to demonstrate a meritorious defense. ACI, as the moving party, was required to establish operative facts and present them "'in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath.'" *French v. Gruber*, 11th Dist. No. 2005-A-0015, 2006-Ohio-1167, ¶25, quoting *Countrywide Home Loans v. Barclay*, 10th Dist. No. 04AP-171, 2004-Ohio-6359, ¶9.

**{¶43}** Although ACI argued it could defend the action, and that there would be a number of defenses which would have merit, ACI failed to establish sufficient operative facts in order to constitute a meritorious defense. Vaughn's affidavit, attached to ACI's 60(B) motion, only states that "in the event [Denittis] wished to pursue legal action against [ACI, ACI] would vigorously defend the same and present evidence in its favor

12

to dispute any of [Denittis'] allegations." This is not sufficient evidence from which the court could have found that ACI had a meritorious defense.

**{¶44}** In its appellate brief, ACI now contends that Denittis never produced evidence to substantiate the allegations in the complaint and that the allegations could only be verified by an expert. However, the record shows that ACI never asserted this argument at the trial level. As a result, ACI has waived the right to raise it for review on appeal. *Graham, supra,* at ¶20.

**{¶45}** ACI further contends that the trial court "rocketed" this case through and that the court's brevity in its judgment shows an arbitrary and capricious view. However, the record reveals that the court adopted the magistrate's decision and denied ACI's 60(B) motion almost one year after the complaint was filed. Prior to rendering its judgment, the record shows the magistrate allowed both ACI and Denittis to brief the issue and held an evidentiary hearing, thereby exceeding the requirements of Civ.R. 55(A) and 60(B). We fail to see that the court acted in an arbitrary or capricious manner.

**{¶46}** Thus, we conclude the court did not err in denying ACI's Civ.R. 60(B) motion because ACI did not establish that its failure to defend the case was the result of excusable neglect and it did not show that it had a meritorious defense. ACI's first and second assignments of error are without merit.

**{¶47}** In its third assignment of error, ACI alleges the trial court erred in finding that service was proper and that it received notice. ACI contends there was no personal jurisdiction and any judgment is void ab initio. Thus, ACI argues the court should have granted its Civ.R. 60(B) motion.

**{¶48}** In our discussion under ACI's first and second assignments of error, we determined that service upon ACI was proper. Regarding notice and personal jurisdiction, when the mailing of an envelope sent by ordinary mail service of process is recorded by the clerk and the ordinary envelope is not returned for failure of delivery, service is deemed complete and, under the rule, the defendant is considered to have notice of the proceeding for purposes of conferring personal jurisdiction. *See Miller v. Sybert*, 3d Dist. No. 2-84-13, 1985 Ohio App. LEXIS 8422, *8-9; Civ.R. 4.6 (D). ACI's third assignment of error is without merit.

**{¶49}** For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Chardon Municipal Court is affirmed.

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion,

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

_____

TIMOTHY P. CANNON, P.J., concurring.

**{¶50}** I concur, but write separately because I do not believe we should reach the merits of whether ACI overcame the presumption of proper service based on Denittis' compliance with Civ.R. 4.6(D).

**{¶51}** In this case, there is a presumption that proper service had been perfected. ACI, however, may provide sufficient evidence to overcome the presumption of proper service based on Denittis' compliance with the Civil Rules. Inclusion of the phrase "unable to forward" raises a question as to whether Denittis should have

14

reasonably expected delivery at this address. The trial court must determine (1) whether there was a reasonable expectation that the ordinary mail summons would be delivered at the address supplied and (2) whether the "presumption" of good service was rebutted. In either event, the trial court would sit as the fact finder to determine those issues. In addition, in its motion to vacate judgment, ACI claimed that, although Denittis was aware of the address of Mark Vaughn, President and Statutory Agent of ACI, he issued service to an address that ACI has not maintained as its principal place of business for over 18 years. As a result of these questions, the magistrate properly scheduled ACI's motion to vacate judgment for an evidentiary hearing.

{¶52} Although ACI filed objections to the magistrate's decision, it did not submit a transcript of the evidentiary hearing with the trial court. This was recognized by the trial court in its judgment, stating that ACI did not comply with Civ.R. 53(D)(3)(b)(iii) because its objections concerned factual findings and it failed to supports its objections with a transcript. By not filing with the trial court a transcript of the proceedings before the magistrate, as required by Civ.R. 53(D)(3)(b)(iii), ACI failed to properly object and, therefore, has waived its right to raise the issue of the magistrate's factual findings on appeal. Civ.R. 53(D)(3)(b)(iv). Our analysis should end there.

_____

MARY JANE TRAPP, dissenting.

{¶53} I respectfully dissent for the reason that the initial failure of service by certified mail precluded plaintiff from requesting the clerk to reissue the summons and

15

complaint via ordinary mail; thus, the trial court never had personal jurisdiction over the defendant, which renders the default judgment void.

**{¶54}** "[I]n order to render a valid personal judgment, a court must have personal jurisdiction over the defendant." *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "The obligation to perfect service of process is placed only upon the plaintiff, and the lack of jurisdiction arising from want of, or defects in, process or in the service thereof is ground for reversal." *LaNeve v. Atlas Recycling, Inc.* 119 Ohio St.3d 324, 2008-Ohio-3921, ¶22. In reversing a decision of this court, the Supreme Court of Ohio instructed that "it is an established principle that actual knowledge of a lawsuit's filing and lack of prejudice resulting from the use of a legally insufficient method of service do not excuse a plaintiff's failure to comply with the Civil Rules." *Id.* "[T]he Civil Rules are not just a technicality, and we may not ignore the plain language of the rule in order to assist a party who has failed to comply with a rule's specific requirements. The Civil Rules are a mechanism that governs the conduct of all parties equally." (Citation omitted.) *Id.* at ¶23.

**{¶55}** The majority finds that Aaron Construction waived the issue of personal jurisdiction by failing to specifically object to the magistrate's determination that the court had personal jurisdiction. I disagree. While the term of art "personal jurisdiction" is absent from the objections, due process and notice are expressly discussed, and any fair reading of these objections should have alerted the trial court during its independent review to look at its own file, which demonstrates the original failure of certified mail service, as it is plainly and unambiguously contemplated by the civil rules.

**{¶56}** Additionally, while Aaron Construction failed to present the trial court with a transcript of the proceedings before the magistrate, the error is apparent from a

16

document in the court's own file and it is an error of law. *City of Cincinnati v. Rimedio*, 1st Dist. No. C-780301, 1979 Ohio App. LEXIS 9197, *1-2 (Feb.14, 1979) (when there is no transcript of proceedings, the error asserted must be demonstrated from the docket and journal entries and original papers).

{¶57} It is undisputed that the initial service attempt via Civ.R. 4.1(A) failed, as is apparent from the envelope:



{¶58} The clerk's office appropriately deemed this a failure of service and sent a Notice of Failure of Service to plaintiff's counsel; however, the notice only advised of the "unclaimed" notation and not the "return to sender" and "unable to forward" notations.

{¶59} I agree with the observation in the concurring opinion that "inclusion of the phrase 'unable to forward' raises a question as to whether Denittis should have reasonably expected delivery at this address," but I would argue further that this wording evinces that the addressee is no longer there for purposes of Civ.R. 4.6. The trial court did not have to determine whether the "presumption" of good service was rebutted at the hearing, because the requirements of Civ.R. 4.6 were never met and ordinary mail service was not appropriate.

{¶60} In fact, although the summons and complaint in this case subsequently served by ordinary mail were not returned, the trial court record confirms[1] that, indeed, the addressee was no longer at that address, because the copy of the motion for default judgment sent by counsel via certified mail to the same address was returned, marked with the same sticker language and also with an additional hand written notation that confirms the addressee is no longer there:



{¶61} The deficiency in service of process in this case was apparent from the trial court's file, and there was no need to rely on a transcript to demonstrate the error. *See Rimedio, supra*.

{¶62} Civ.R. 4.6 addresses two failures of certified mail situations only: "Service Refused" and "Service Unclaimed." Nowhere to be found is a provision permitting ordinary mail service after the return of certified mail marked both "unclaimed" and "unable to forward." Thus, the obvious question is raised whether this addition of the "unable to forward" notation takes this failure outside of the parameters of Civ.R. 4.6(D)

---

1. See Exhibit D to Plaintiff's Brief in Opposition to Defendant's Motion to Vacate Judgment.

and requires the reissuance of certified mail pursuant to Civ.R. 4.1(A), or personal or residential service pursuant to Civ.R. 4.1(B) and (C). I am of the opinion that it does.

{¶63} The Staff Notes to the rule explain that ordinary mail service is permitted if certified mail fails because it was "unclaimed" or "refused," as these reasons tend to indicate that the addressee is still residing at the address. Thus, ordinary mail reissued to that same address will be delivered, and the due process notice requirement satisfied. The rule simply does not permit ordinary mail service if any other reason for failure is given, even if it is given in combination with the two reasons explicitly given in the rule.

{¶64} This rationale is buttressed by the fact that the Rules Commission felt it necessary to amend the Civ.R. 4.1(A) to expressly permit service by express mail with a return receipt even though that optional service was available and would have accomplished the same purpose as certified mail. *See* Staff Notes to July 1, 1997 amendment.

{¶65} Because the trial court's own file demonstrated a failure of service, I would reverse the judgment of the trial court.