[Cite as *In re S.J.R.*, 2014-Ohio-5775.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN RE:  THE PATERNITY OF THE MINOR CHILD, S.J.R. | : | **O P I N I O N** |
| | : | |
| | | **CASE NO.  2014-L-012** |
| | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2010 PR 01662.

Judgment:  Affirmed.

*David J. Sternberg,* Sternberg & Zeid Co., L.P.A., 7547 Mentor Avenue, #301, Mentor, OH  44060-5466 (For Appellant-Richard E. Winkler, II).

*Patrice F. Denman,* Patrice F. Denman Co., L.P.A., 1111 Mentor Avenue, Painesville, OH  44077 (For Appellee-Denise L. Radmanic).

CYNTHIA WESTCOTT RICE, J.

{¶1}     Appellant, Richard E. Winkler, II, appeals the judgment of the Lake County Court of Common Pleas, Juvenile Division, denying his motion for relief from judgment pursuant to Civ.R. 60(B).  At issue is whether the trial court abused its discretion in denying appellant's motion.  For the reasons that follow, we affirm.

{¶2}     This action was commenced by appellant's filing on September 22, 2010, of a motion to accept jurisdiction of a paternity action that was filed in 2007 in the Circuit Court of Indiana for Floyd County.  While the case was pending in Indiana, that court determined that appellant was the father of the child, S.J.R., d.o.b. December 28, 2004;

awarded appellee, Denise L. Radmanic, custody; granted visitation to appellant; and established a custody order against appellant. Appellant filed his motion to accept jurisdiction due to appellee's resumption of her residence in Lake County, Ohio. The Indiana Court entered an order on February 7, 2011, consenting to the trial court assuming jurisdiction. Thereafter, the case proceeded in the trial court.

{¶3} On December 10, 2010, appellant filed an "Affidavit Regarding Custody," in which he acknowledged he had an ongoing duty to immediately notify the court in writing regarding any change of his address. In subsequent orders, the court advised the parties of their duty to immediately notify the court of a change of address.

{¶4} On April 22, 2011, appellant filed a motion to show cause and a motion for attorney fees against appellee. On June 21, 2011, appellee filed a brief in opposition to appellant's motions and her own motion to show cause and a motion for attorney fees.

{¶5} On May 13, 2013 and on May 16, 2013, regular mail service of copies of two court orders sent to appellant at his address of record were returned to the court, marked "not deliverable as addressed." Consequently, on May 16, 2013, the clerk of courts sent a notice to appellant's counsel advising him of the failure of service of these orders on appellant. After this notice was sent to appellant's counsel, all subsequent orders of the court were successfully delivered to appellant and none of them were returned to the court for failure of service.

{¶6} On July 2, 2013, by consent of counsel, the case was scheduled for trial on October 1, 2013. Notice to the parties and their counsel of this trial date was sent by regular mail. As indicated above, the copy of the notice of the trial sent to appellant was not returned.

2

{¶7} Then, on September 12, 2013, appellant's counsel, Annette C. Trivelli, Esq., filed a motion for leave to withdraw as appellant's counsel, citing the existence of circumstances which made it impossible for her to continue to represent him and which, pursuant to the rules of professional conduct, required her to cease her representation of him. Ms. Trivelli served appellant with a copy of this motion via e-mail. On September 17, 2013, the magistrate granted her motion. The clerk sent a copy of this order to the parties and counsel. The copy sent to appellant was not returned.

{¶8} The matter came on for trial before the magistrate on October 1, 2013. Following trial, the magistrate issued his decision that same day. In his decision, the magistrate noted that the matter was scheduled for 8:30 a.m.; that the hearing was delayed for 25 minutes; that appellee and her counsel were present; that appellant failed to appear; and that the trial proceeded in his absence. Appellee moved to dismiss appellant's motions for lack of prosecution and the motion was granted. She then presented evidence in support of her motions. A representative from the Child Support Enforcement Agency ("CSEA") testified that appellant failed to pay child support as ordered; that his child support arrearage was $8,158; and that he failed to pay his percentage of child care expenses and medical expenses as ordered in the amount of $907.65. Further, she testified that appellant failed to notify CSEA regarding his current employment at One Source, but CSEA investigated to establish current wage withholding by that employer.

{¶9} Appellee's counsel testified her necessary and reasonable attorney fees in the prosecution of the motion to show cause was $1,448.12.

{¶10} The magistrate recommended that appellee remain the child's custodial parent; that appellant be granted liberal parenting time; and that appellant be found in

3

contempt for failing to pay child support as ordered and failing to reimburse appellee for his percentage of child care expenses and medical expenses as ordered. The magistrate further recommended that appellant's 30-day jail sentence for contempt be purged by staying current in his child support obligation and paying 30 per cent of the ongoing toward the arrearage, plus $50/month toward legal fees, plus $50/month toward the outstanding child care and medical expenses, and that, since appellee is the child's custodial parent and appellant is delinquent in his child support obligation, she be awarded the tax dependency exemption for the parties' child.

{¶11} The clerk served the parties and appellee's counsel with a copy of the magistrate's decision via regular mail. The copy sent to appellant was not returned.

{¶12} On October 18, 2013, the trial court entered judgment adopting the magistrate's decision in full. The clerk sent a copy of the judgment to the parties and appellee's counsel. Again, the copy sent to appellant was not returned.

{¶13} On December 9, 2013, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). In his affidavit in support, appellant said that he did not attend the October 1, 2013 trial because "with his counsel's withdrawal and after speaking to a member of the court's staff," "he was under the belief * * * the matter would not proceed on October 1, 2013." Appellant argued he was entitled to an order vacating the court's judgment because his failure to appear under these circumstances constituted excusable neglect pursuant to Civ.R. 60(B)(1).

{¶14} On January 18, 2014, the trial court entered judgment denying appellant's motion, finding that appellant failed to demonstrate the existence of excusable neglect.

{¶15} Appellant appeals the court's judgment denying his motion to vacate, alleging the following for his sole assignment of error:

4

{¶16} "A trial court Abuses its Discretion When it Denies a Motion for Relief from Judgment Where a Party's Attorney is Permitted to Withdraw Thirteen Days Prior to Trial."

{¶17} Civ.R. 60(B) provides in relevant part:

{¶18} On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) * * * excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reason[ ] (1) * * *[,] not more than one year after the judgment * * * was entered * * *.

{¶19} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), * * * not more than one year after the judgment * * * was entered * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Failure to satisfy any one of the three prongs of the *GTE Automatic* decision is fatal to a motion for relief from judgment." *Len-Ran, Inc. v. Erie Ins. Group*, 11th Dist. Portage No. 2006-P-0025, 2007-Ohio-4763, ¶20.

{¶20} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion to vacate, an appellate court will not reverse that decision unless the trial court abuses its discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997). This court has stated that the term "abuse of discretion" is one of art, connoting judgment exercised by

5

a court, which does not comport with reason or the record. *Gaul v. Gaul*, 11th Dist. Ashtabula No. 2009-A-0011, 2010-Ohio-2156, ¶24.

{¶21} As grounds for his motion to vacate, appellant alleged excusable neglect under Civ.R. 60(B)(1). This court has held that "'[w]hat constitutes "excusable neglect" depends on the facts and circumstances of each case.'" *Denittis v. Aaron Construction*, Inc., 11th Dist. Geauga No. 2011-G-3031, 2012-Ohio-6213, ¶29, quoting *Katko v. Modic*, 85 Ohio App.3d 834, 837 (11th Dist.1993). "'The term "excusable neglect" is an elusive concept and has not been sufficiently defined.'" *Seven Seventeen Credit Union, Inc. v. Dickey*, 11th Dist. Trumbull No. 2008-T-0107, 2009-Ohio-2946, ¶20, quoting *Kay v. Marc Glassman, Inc*., 76 Ohio St.3d 18, 20 (1996). "Consequently, there is no clear and established standard as to what constitutes 'excusable neglect' and therefore *it is a determination left to the discretion of the trial court*." (Emphasis added.) *Dickey, supra*, at ¶20.

{¶22} However, the cases discussing excusable neglect reveal some general principles. First, many cases characterize the type of conduct that does *not* constitute excusable neglect. For example, inaction of a party that can be labeled as a "complete disregard for the judicial system" constitutes simple, *inexcusable* neglect. *GTE Automatic, supra*, at 153. In contrast, most cases finding excusable neglect have also found unusual or special circumstances that justified the neglect of the party or his attorney. *Perry v. G.M.C.*, 113 Ohio App.3d 318 (10th Dist.1996) (corporate employee sent complaint to wrong department, thus preventing proper corporate official from responding to complaint prior to entry of default judgment); *McGee v. C&S Lounge*, 108 Ohio App.3d 656 (10th Dist.1996) (confusion created between insurance carrier and defendant resulted in default judgment rendered against defendant); *Bluffs of Wildwood*

6

*Homeowners' Assn. v. Dinkel*, 96 Ohio App.3d 278 (12th Dist.1994) (personal and family illness may constitute excusable neglect); *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578 (4th Dist.1992) (failure to deliver complaint and summons to proper corporate authority may constitute excusable neglect); *Brenner v. Shore*, 34 Ohio App.2d 209, 211 (10th Dist.1973) (contractor's neglect in not answering complaint was excusable in light of his severe emotional strain resulting in hospitalization for complete physical and mental collapse).

**{¶23}** In the trial court's judgment denying appellant's motion to vacate, the court found that he was under an ongoing duty to immediately notify the court of any change of address; that appellant failed to notify the court of his change of address; that appellant was not informed by court staff that the trial was not going to proceed as scheduled on October 1, 2013; that, in any event, such information could not reasonably be relied on as an excuse for failure to attend the trial; that appellant was aware of the scheduled trial; that he did not file a motion for a continuance; and that the October 1, 2013 magistrate's decision was promptly mailed to appellant. Thus, the trial court based its denial of appellant's motion to vacate solely on his failure to demonstrate the existence of excusable neglect.

**{¶24}** Appellant does not dispute the trial court's finding that he had an ongoing duty to notify the court of any change of his address and that he failed to advise the court of his change of address. As noted above, the court repeatedly advised appellant he had an ongoing duty to immediately notify the court of any change of his address.

**{¶25}** Instead, appellant argues his attorney failed to provide the court with his change of address, and, as a result, he contends he never received the magistrate's order granting his attorney's motion to withdraw. He argues that, as a result, his failure

7

to appear for trial was excusable neglect. However, as noted above, after the clerk notified appellant's counsel on May 16, 2013 that copies of orders sent to appellant by regular mail had been returned, none of the clerk's subsequent notices sent to appellant were returned. "If the ordinary mail envelope is not returned, there is a presumption that proper service has been perfected." *Denittis, supra*, at ¶31. Consistent with this presumption, appellant states he received the magistrate's decision following the trial and the court's judgment adopting same, albeit two weeks late. Thus, the court would have been entitled to discount appellant's self-serving argument that he never received the magistrate's September 17, 2013 order granting his attorney's motion to withdraw and to presume that, following the May 16, 2013 notice to appellant's counsel, appellant was properly served with all subsequent orders.

{¶26} Appellant argues that if he had received a copy of the magistrate's September 17, 2013 order granting his attorney's motion to withdraw, he would have filed a motion for continuance to secure other counsel. However, in his affidavit filed in support of his motion to vacate, appellant said he received a copy of his attorney's motion to withdraw the same day his attorney filed it, i.e., September 12, 2013, and that as a result of the *filing* of this motion, *he believed his counsel had withdrawn* from his representation. Thus, even if appellant did not receive a copy of the magistrate's decision, he believed that by filing his motion to withdraw, his attorney had withdrawn from the case. Appellant was therefore on notice of the need to file a motion for a continuance to secure new counsel, but failed to do.

{¶27} Further, in its judgment denying appellant's motion to vacate, the court found that appellant was *not* informed by court staff that the trial was not going to proceed on October 1, 2013. Thus, appellant had no reason to believe the trial would

8

not proceed as scheduled. Significantly, appellant does not challenge or even mention this critical finding on appeal. He is therefore bound by it. Further, we note that appellant's statement about speaking to court staff lacks any specificity. Appellant did not say *when* he called the court; *with whom* he spoke; the *position or authority* of the person to whom he allegedly spoke; or even *what was said* to make him believe the case would not proceed to trial as scheduled. Thus, even if the trial court had not made this finding, it would have been entitled to discount appellant's self-serving statement.

**{¶28}** Moreover, we agree with the trial court's finding that appellant could not have reasonably relied on something an unidentified court employee said as an excuse for not attending the trial and not filing a motion for a continuance. When appellant allegedly called the court to determine the status of the trial, he believed his attorney had withdrawn and he was acting pro se. "'While one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.'" *Craft v. Edwards*, 11th Dist. Ashtabula No. 2007-A-0095, 2008-Ohio-4971, ¶41, quoting *State v. Pryor*, 10th Dist. Franklin No. 07-AP-90, 2007-Ohio-4275, ¶9.

**{¶29}** "Courts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system." *Dayton Power and Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶12. "Thus, a pro se litigant's confusion or misunderstanding of the law does not provide grounds for granting a Civ.R. 60(B) motion for relief from judgment." *Id.*; *accord Globe American Cas. Co. v.*

9

*Lindsay*, 10th Dist. Franklin No. 01AP-176, 2001 Ohio App. LEXIS 4404, *7-*9 (Sept. 28, 2001); *Curry v. J. Bowers Constr., Inc.*, 9th Dist. Summit No. 20287, 2001 Ohio App. LEXIS 731, *7 (Feb. 28, 2001) (lack of familiarity with judicial system as lay person is not a decisive factor in determining excusable neglect where circumstances should have alerted one to the need to act promptly).

{¶30} Here, appellant had advance notice of the trial date and never filed a motion for a continuance. In Ohio, a court speaks only through its journal. *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118 (1990). Moreover, Local Rule 1.C.3. of the Lake County Court of Common Pleas, Juvenile Division, provides that "[n]o case assigned for trial may be continued except on written motion, subject to approval of Court."

{¶31} Further, "[t]he parties to an action have a duty to remain informed about the progress of their case and the scheduling of proceedings * * *." *Whitman v. Whitman*, 3d Dist. Hancock No. 5-05-36, 2007-Ohio-4231, ¶24. The Supreme Court of Ohio has held that an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact. *Ohio Valley Radiology Associates, Inc. v. Ohio Valley Hosp. Ass'n.*, 28 Ohio St.3d 118, 125 (1986). Once appellant believed his attorney had withdrawn, appellant had a duty to keep himself informed about the progress of his case and the scheduling of proceedings. A review of the docket would have shown appellant that the October 1, 2013 trial date was never cancelled.

{¶32} Appellant argues that because his attorney failed to give the court his new address, he received the magistrate's decision following the trial and the judgment adopting same too late to file objections and an appeal. However, if appellant had

10

made sure his new address was on the docket after his attorney withdrew, there would have been no alleged problem receiving these entries.

{¶33} Moreover, contrary to appellant's argument, the fact that the magistrate granted counsel's motion to withdraw two weeks before trial does not mean that the court abused its discretion in denying his motion to vacate. There is nothing that unusual about an attorney requesting leave to withdraw a matter of weeks before trial where the attorney provides a substantial reason, as appellant's counsel did here. In her motion to withdraw, she said that circumstances existed, which made it impossible for her to continue to represent appellant and which, pursuant to the rules of professional conduct, required her to cease her representation of him. If appellant needed time to retain new counsel, it was incumbent on him to file a motion for continuance.

{¶34} In summary, appellant was aware of his duty to notify the court of any change of address, but failed to satisfy that duty after he believed his attorney withdrew. If he had, he would have timely received the orders at issue. Further, the court staff did not inform appellant the trial would not proceed as scheduled. Thus, he had every reason to believe the trial would go forward. However, even if this conversation took place, appellant was not entitled to rely on it. To the contrary, he was on notice of the trial date and, if he needed a continuance, he had a duty, pursuant to the court's local rules, to file a motion for continuance, but failed to do so. Moreover, appellant had a duty to keep himself informed about the progress of the case, including the scheduling of the trial, once his attorney withdrew, but apparently failed to do so. If he had, he would have seen the trial date was never cancelled. The record thus reveals numerous

11

instances of simple neglect on appellant's part without any hint of unusual or extenuating circumstances that would support a finding of excusable neglect.

{¶35} Alternatively, appellant argues on appeal that "permitting his attorney to withdraw on September 17, 2013, when trial was scheduled for October 1, 2013, rose to the level of abandonment, with the court's permission and knowledge," which, he argues, constituted "another reason" justifying relief from judgment pursuant to Civ.R. 60(B)(5). However, appellant did not make this argument below. He simply argued in his motion to vacate that he was entitled to relief from judgment under Civ.R. 60(B)(5) because he pursued his rights in this case for three years; his counsel withdrew within 30 days of trial; and he did not receive notice of same.

{¶36} An appellant may not assert a new theory for the first time before an appellate court. *Kalish v. Trans World Airlines*, 50 Ohio St.2d 73, 77 (1977). Because appellant did not argue below that his attorney's conduct constituted abandonment, he cannot raise this argument for the first time on appeal as "another reason" justifying relief from judgment under Civ.R. 60(B)(5).

{¶37} In any event, appellant has not cited any case law holding that filing a motion to withdraw constitutes abandonment.

{¶38} Appellant's reliance on *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, in support of his abandonment argument is misplaced. In *Robinson*, the Twelfth District held that the client was entitled to relief from judgment under Civ.R. 60(B)(5) on the grounds of attorney abandonment because the attorney had not kept the client informed as to the status of the case; failed to return the client's telephone calls after he learned of a default judgment entered against him; during the pendency of the case, the attorney was the subject of

12

disciplinary action; and, following entry of the default judgment, the attorney was suspended from the practice of law. *Id.* at ¶20.

**{¶39}** We therefore hold the trial court did not abuse its discretion in denying appellant's motion for relief from judgment.

**{¶40}** For the reasons stated in this opinion, the assignment of error is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶41}** The majority does not deny that appellant meets the first and third prongs of the *G.T.E. Automatic* test. Appellant alleged a meritorious defense to appellee's show cause motion, at least in part: that she had never served him with the minor child's medical bills, which he had not paid. His motion for relief from judgment was clearly timely. Rather, the majority finds he has not proved excusable neglect, under Civ.R. 60(B), for his failure to attend the hearing in front of the magistrate.

**{¶42}** Civ.R. 60(B) is a remedial rule, to be liberally construed. *Perry, supra*, at 321, quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980). Under the particular circumstances of this case, I would find appellant's failure to attend the hearing excusable neglect. He alleges, essentially, that his counsel, who withdrew shortly prior to the hearing, never told the court of his new address, and that he expected she would.

13

As the majority notes, appellant himself had his own duty to make sure the trial court knew his correct address, and he certainly seems to have received most notices sent to him. However, clients often expect their attorneys to carry out many functions strictly within the client's realm. Further, as the majority notes, the courts of this state have found excusable neglect when a corporate employee failed to direct a pleading to the correct corporate department, resulting in a default judgment. *Perry*, *supra*. Actual persons should have the same rights as corporate persons in this regard.

{¶43} There appears no prejudice to appellee if the 60(B) motion had been granted. Further, there may well be severe prejudice to appellant, and the minor child, due to the failure to at least hold a hearing on the matter. His own show cause motion asserted that appellee was not respecting his visitation rights with S.J.R. "A parent's right to raise a natural child is a fundamental, constitutional right. *State ex rel. Heller v. Miller* (1980), 61 Ohio St. 2d 6, 8-9, * * *." *In re Bennett*, 9th Dist. Summit No. 19366, 1999 Ohio App. LEXIS 5284, *7 (Nov. 10, 1999). Further, "The need of a child for visitation with a separated parent is a natural right of the child, and is as worthy of protection as is the parent's right of visitation with the child * * *[.]" *Porter v. Porter*, 25 Ohio St.2d 123, paragraph three of the syllabus. Further, appellant was found in contempt and sentenced to 30 days in jail, subject to purge. It is not unreasonable to hold a hearing when a person may lose their liberty, simply for failure to receive notice of and attend a hearing, especially when there is no evidence of deliberate disregard. The issues are sufficiently important to require the trial court's consideration.

{¶44} I respectfully dissent.